IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSICA VANICEK, Personal Representative of the ESTATE OF RYAN T. VANICEK, | Case No. 8:21 CV |
| Plaintiff, | |
| v. | Judge _____ |
| KENNETH E. KRATT and SANDAIR CORPORATION, | |
| Defendants. | |

## COMPLAINT

COMES NOW Plaintiff, JESSICA VANICEK, Personal Representative for the Estate of RYAN T. VANICEK, and for the benefit of the Estate, the widow, and next of kin, namely: JESSICA VANICEK, NOLEN VANICEK, RYLEN VANICEK, RYLEE VANICEK, TAMARA WITZEL, THOMAS VANICEK, AND KAREN VANICEK, by and through her attorney of record, DEMERATH LAW OFFICE, and for her cause of action against the Defendants and each of them, states as follows:

1. On September 20, 2019, and at all times relevant herein, the Plaintiff, JESSICA VANICEK, spouse, was a citizen and resident of the State of Nebraska and is the duly appointed Personal Representative for the ESTATE OF RYAN T. VANICEK.

2. On September 20, 2019, and at the time of his death, RYAN T. VANICEK was a citizen and resident of the State of Nebraska.

1

3. On September 20, 2019, and at all times relevant herein, NOLEN VANICEK, next of kin (minor child), was a citizen and resident of the State of Nebraska.

4. On September 20, 2019, and all times relevant herein, RYLEN VANICEK, next of kin (minor child), was a citizen and resident of the State of Nebraska.

5. On September 20, 2019, and all times relevant herein, RYLEE VANICEK, next of kin (minor child), was a citizen and resident of the State of Nebraska.

6. On September 20, 2019, and all times relevant herein, TAMARA WITZEL, step-daughter, was a citizen and resident of the State of Nebraska.

7. On September 20, 2019, and all times relevant herein, THOMAS VANICEK, next of kin, was a citizen and resident of the State of Nebraska.

8. On September 20, 2019, and all times relevant herein, KAREN VANICEK, next of kin, was a citizen and resident of the State of Nebraska.

9. On September 20, 2019, and all times relevant herein, Defendant KENNETH E. KRATT was a resident of 16785 Canal Way, Madera, California 93638, and an employee of Defendant SANDAIR CORPORATION.

10. On September 20, 2019, and all times relevant herein, Defendant SANDAIR CORPORATION, dba California Freight, was and is a corporation doing business across the United States and believed to be incorporated and existing under the laws of California. Said Defendant apparently has two business locations in at least California, at 805 South Locust Avenue, Ripon, CA 95366 and 251 East Fourth Street, Ripon, CA 95366.

11. The only known connection between the Defendants SANDAIR CORPORATION and/or KRATT and Nebraska, is that Nebraska was the location of the accident giving rise to this lawsuit.

12. On September 20, 2019, at or about the hour of 3:05 p.m. near mile post 284 on I-80 in the County of Buffalo in the State of Nebraska, Defendant KRATT was operating a 2020 Peterbilt tractor with trailer believed to be owned by SANDAIR CORPORATION -- eastbound when he collided with a Chevrolet Silverado driven by RYAN T. VANICEK. At the time of the collision, RYAN T. VANICEK had slowed and/or stopped, along with other traffic, for and at a construction zone on the subject highway.

13. On September 20, 2019, and at all times mentioned herein, Defendant KRATT, was operating, managing, maintaining, and controlling the 2020 single unit Peterbilt tractor and trailer eastbound on I-80 near mile post 284 in the County of Buffalo in the State of Nebraska.

14. On September 20, 2019, and at all times mentioned herein, Defendant SANDAIR CORPORATION by and through its duly authorized agent and/or employee and/or representative, Defendant KRATT, owned, operated, managed, maintained, cared for, inspected, and/or controlled the 2020 Peterbilt truck tractor with a semi-trailer eastbound on I-80 near mile post 284 in the County of Buffalo in the State of Nebraska.

15. On September 20, 2019, and at all times mentioned herein, Defendant KRATT, while operating and controlling the aforementioned Peterbilt tractor with a semi-trailer as the agent and/or employee and/or representative of the Defendant SANDAIR CORPORATION -- was acting within the course and scope of that employment and/or agency and/or representative.

16. At the time of the accident, Defendant KRATT, with particularly egregious conduct and disregard for the safety of others, was negligent and grossly negligent in at least one or more of the following:

    a) Operating his vehicle too fast for the conditions then and there present;

    b) Failing to keep a proper lookout;

c) Failing to yield the right of way;

d) Failing to keep proper control of his vehicle;

e) Failing to take reasonable action to avoid the collision with the vehicle operated by Plaintiff's decedent;

f) Operated a motor vehicle with a reckless and wanton disregard for the safety of fellow travelers on the roadway in question, including Plaintiff's decedent;

g) Defendant KRATT was improperly trained and/or failed to meet the minimum requirements of driving an over the road vehicle, which is the subject of this action; and,

h) Was otherwise generally malicious, actually, knowingly, intentionally, willfully, recklessly careless and negligent.

17. The high impact of the loaded Peterbilt tractor/trailer driven by Defendant KRATT into the vehicle driven by RYAN T. VANICEK caused extremely serious personal injuries and damages resulting in the death of RYAN T. VANICEK.

18. On September 20, 2019, and at all times mentioned herein, Defendants KRATT and SANDAIR CORPORATION, and each of them were jointly and severally liable for the death of RYAN T. VANICEK and for the injuries caused to Plaintiff and next of kin individually named herein and caused solely by the named Defendants herein, KRATT and SANDAIR CORPORATION.

19. At all times referenced herein, the Defendant SANDAIR CORPORATION, by and through its duly appointed agent, employee, servant, and/or representative, Defendant KRATT, had a duty to those traveling on I-80, including the Plaintiff's decedent, RYAN T.

VANICEK, to exercise reasonable care with respect to the operation, management, and/or control of the aforesaid Peterbilt tractor with trailer.

20.　　Each of the aforementioned negligent acts, gross negligent acts, malicious acts, evil acts, and/or known willful omissions and egregious conduct of the Defendants constituted the sole proximate cause of the collision with the travelers on the roadway herein question, including the vehicle driven by RYAN T. VANICEK, and the resulting injuries and damages to Plaintiff and next of kin.

21.　　The negligent acts, gross negligent acts, malicious acts, evil acts, and/or known willful omissions and egregious conduct listed herein occurred while Defendant KRATT was an agent for an/or in the course and scope of his employment for Defendant SANDAIR CORPORATION.  Thus, the doctrines of Agency and/or Respondeat Superior are applicable in this case thereby imputing the negligence of Defendant KRATT to Defendant SANDAIR CORPORATION.

22.　　Defendant KRATT's collision in the construction zone near mile post 284 on I-80 resulted in three deaths, multiple injuries of other individuals, and impacted with a total of six other vehicles, not counting the Peterbilt tractor and trailer unit he was operating.  As to the particularly egregious an oppressive conduct of Defendant KRATT and willful disregard for the safety of others – it gives rise to a level of oppressive, reckless, and malicious behavior, so that Plaintiff is also entitled to an award of punitive damages as against each of the Defendants named herein under California law -- "for the sake of example and by way of punishing the defendant." Ca. Civ. Code § 3294, "Exemplary Damages",

23.　　Plaintiff JESSICA VANICEK is the duly appointed Personal Representative for the Estate of RYAN T. VANICEK.

24. RYAN T. VANICEK is survived by his wife, Plaintiff JESSICA VANICEK, and minor children, NOLEN VANICEK, RYLEE VANICEK and RYLEN VANICEK; step-daughter TAMARA WITZEL, father THOMAS VANICEK, and mother KAREN VANICEK.

25. As a direct and proximate result of the negligence of the Defendants herein, the deceased, RYAN T. VANICEK, suffered an untimely death and is entitled under at least California law and/or possibly Nebraska law to recover by and through his Personal Representative of his Estate, Plaintiff JESSICA VANICEK.

26. As a direct and proximate result of the negligence of the Defendants KRATT and SANDAIR CORPORATION -- RYAN T. VANICEK sustained mental agony and painful physical injuries that ultimately resulted in his death.

27. RYAN T. VANICEK incurred known medical expenses to date of $87,070.36, as a proximate result of the negligence of each of the Defendants -- KRATT and SANDAIR CORPORATION.

28. RYAN T. VANICEK, during his lifetime, had a cause of action against each of the Defendants KRATT and SANDAIR CORPORATION for medical and hospital expenses, pain and suffering, disability, and mental anguish which he experienced before his death, which cause of action survives his death and inures to the benefit of his Estate herein.

29. As a proximate result of the negligence of each of the Defendants, KRATT and SANDAIR CORPORATION, the Estate of RYAN T. VANICEK incurred expenses for his funeral and burial in at least the amount of $13,883.56.

30. As a direct and proximate result of the negligence of the Defendants KRATT and SANDAIR CORPORATION the immediate surviving next of kin and family of RYAN T. VANICEK, deceased, have been deprived of at least the comfort of his society and

companionship, his services, his care, maintenance, support, advice, and counsel, as well as such other pleasures and rights, having a pecuniary value, which attend immediate family relationships all as allowed under California law and/or Nebraska law. In addition, the Plaintiff and next of kin have suffered the loss of inheritance, meaning the loss of the present value of the assets that the deceased, in reasonable probability, would have added to the Estate and left at natural death.

31. As a direct and proximate result of the negligence of Defendants KRATT and SANDAIR CORPORATION, the Plaintiff and next of kin have suffered and will continue to suffer additional pecuniary losses associated with necessary and continuing care, counseling, and support for the health and wellbeing of next of kin and family members, that would not have occurred but for the death of RYAN T. VANICEK.

32. The damages suffered by Plaintiff and sought to be recovered by this suit are more likely than not to exceed the amount of damages required for diversity jurisdiction. 28 U.S.C. § 1332.

WHEREFORE, Plaintiff requests judgment against the Defendants, whether joint and/or several, for general and special damages, including punitive or exemplary damages as allowed by the laws of California and/or Nebraska, and costs, in an amount that will fairly and adequately compensate her and the Estate for decedent's bodily injuries and the resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, and death, including damages for the injuries and pecuniary losses suffered directly by Plaintiff and the next of kin, and the Estate and for such other items of general damages which may have been caused by the acts of Defendants and are reasonable in the premises, alone with interest thereon, together with

her costs and attorney fees, and such other relief as may be allowed by the laws of California and/or Nebraska.

**PLAINTIFF REQUESTS TRIAL BY JURY.**

DATED this 12th day of February 2021.

> JESSICA VANICEK, Personal Representative of the ESTATE OF RYAN T VANICEK, Plaintiff,
>
> By: s/Larry R. Demerath
> Larry R. Demerath #10978
> DEMERATH LAW OFFICE
> 11516 Nicholas Street
> Suite 303
> Omaha, NE  68154-4409
> PH:  (402) 677-5656
> FAX:  (800) 948-8125
> Attorney for Estate