# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSICA VANICEK, Personal Representative of the Estate of Ryan T. Vanicek,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH E. KRATT, and SANDAIR CORPORATION,<br><br>Defendants. | **8:21CV49**<br><br>**ORDER** |

This matter is before the Court on the Motion to Intervene (Filing No. 5) filed by Lyman-Richey Corporation, d/b/a Central Sand and Gravel Company ("LRC"). The parties filed a Joint Notice (Filing No. 8) indicating all parties consent to the motion.

LRC requests leave to intervene in this matter to assert its subrogation rights pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, or in the alternative, pursuant to Rule 24(b)(1)(B), as the accident at issue in the Complaint occurred while Ryan Vanicek was working within the course and scope of his employment with LRC, and LRC paid benefits to Vanicek under the Nebraska Workers' Compensation Act. (Filing No. 6.). LRC attached a copy of its Complaint in Intervention (Filing No. 7-1) that it intends to file if granted leave to intervene. See Fed. R. Civ. P. 24(c)("The motion [to intervene] must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.").

Upon review of LRC's motion and brief, the Court finds that LRC has demonstrated the existence of an Article III case or controversy, and that it is entitled to intervene as a matter of right. *See Mausolf v. Babbitt*, 85 F.3d 1295, 1300-01 (8th Cir. 1996)(requiring prospective Rule 24(a) intervenors to demonstrate the existence of an Article III case or controversy); *and* Fed. R. Civ. P. 24(a)(2)("On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."). LRC's motion is timely, as this case was filed a little over one month ago and no responsive pleadings have yet been filed. Finally, all parties consent to the LRC's intervention in this matter. Accordingly,

**IT IS ORDERED:** Lyman-Richey Corporation, d/b/a Central Sand and Gravel Company's Motion to Intervene ([Filing No. 5](#)) is granted. Lyman-Richey Corporation shall file its Complaint in Intervention ([Filing No. 7-1](#)) on or before March 23, 2021. The Clerk of Court shall add Lyman-Richey Corporation, d/b/a Central Sand and Gravel Company to the case caption as Intervenor-Plaintiff.

Dated this 16th day of March, 2021.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge