IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JESSICA VANICEK, Personal Representative
of the Estate of Ryan T. Vanicek; THOMAS
VANICEK   and   KAREN   VANICEK,
Individually, and Parents of the Deceased, Ryan
T. Vanicek; and TAMARA WITZEL, step-
daughter of the Deceased, Ryan T. Vanicek;

        Plaintiffs,

   and

LYMAN-RICHEY CORPORATION, D/B/A
CENTRAL SAND AND GRAVEL
COMPANY,

        Plaintiff-Intervenor,

   vs.

KENNETH E. KRATT and SANDAIR
CORPORATION,

        Defendants.

**8:21CV49**

**ORDER**

This matter comes before the court on the Motion to Strike (Filing No. 31) filed by Defendants, Kenneth E. Kratt and Sandair Corporation. Defendants move the court for an order striking the following paragraphs from Plaintiff's second amended complaint (Filing No. 30): Plaintiff's request for punitive damages in paragraph 22; Plaintiff's references to California law in paragraphs 22, 27, 32, and closing prayer; and Plaintiff's allegations regarding specific elements required for awarding punitive damages under California law, including allegations of "gross negligence," "evil" or "malicious" acts, "egregious and oppressive conduct," and "willful disregard of the safety of others," in paragraphs 16, 16(f), 16(h), and 20-22. The court will grant the motion with respect to Plaintiffs' references to California law and punitive damages.

**BACKGROUND**

This is a diversity action filed by the estate and next of kin of Ryan Vanicek. Vanicek was a Nebraska resident and citizen, as are his surviving next of kin. Vanicek was killed on September 20, 2019, on I-80 near Buffalo County, Nebraska, when his Chevrolet Silverado was struck by a tractor trailer driven by defendant, Kenneth Kratt. Kratt is a resident of California and was driving

a tractor trailer in the course and scope of his employment with defendant, Sandair Corporation, a California corporation.  Plaintiffs allege Vanicek and other traffic had slowed and/or stopped for construction on I-80 when Kratt collided with Vanicek's vehicle, resulting in the death of three people, including Vanicek.  (Filing No. 30).

Plaintiffs' second amended complaint contains claims for wrongful death and negligent infliction of emotional distress under Nebraska state law.  Plaintiffs allege Kratt, "with particularly egregious conduct and disregard for the safety of others, was negligent and grossly negligent" for several reasons, including "[o]perat[ing] a motor vehicle with a reckless and wanton disregard for the safety of fellow travelers on the roadway in question" and was "otherwise generally malicious, actually, knowingly, intentionally, willfully, recklessly careless and negligent."  (*Id.* at ¶ 16). Plaintiffs further allege that due to Kratt's "particularly egregious an oppressive conduct . . . and willful disregard for the safety of others ris[ing] to the level of reckless and malicious behavior," Plaintiffs are entitled to an award of punitive damages under California law pursuant to Ca. Civ. Code § 3294.  (*Id.* at ¶ 22).   Plaintiffs' prayer for relief seeks "general and special damages, including punitive or exemplary damages as allowed by the laws of Nebraska and/or California[.]"

Defendants filed the instant motion to strike Plaintiffs' request for punitive damages and any references to California law and elements required for an award of punitive damages, including Plaintiffs' references to "gross negligence," "evil" or "malicious" acts, "egregious and oppressive conduct," and "willful disregard of the safety of others."  (Filing No. 31).

## ANALYSIS

Rule 12(f) of the Federal Rules of Civil Procedure permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "Judges enjoy liberal discretion to strike pleadings under Rule 12(f)." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007)(citing *Nationwide Ins. Co. v. Cent. Mo. Elec. Coop., Inc.*, 278 F.3d 742, 748 (8th Cir. 2001)). "Striking a party's pleading, however, is an extreme and disfavored measure." *Id.* (citing *Stanbury L. Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000)).   "[T]he rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case." *Williams v. Averitt Express*, No. 8:15CV464, 2016 WL 589861, at *2 (D. Neb. Feb. 11, 2016).

Defendants seek to strike Plaintiffs' references to punitive damages on the basis that Nebraska law controls and does not allow punitive damages.  (Filing No. 32 at pp. 2-5).  Plaintiffs do not argue that Nebraska law permits punitive damages but instead argue that Defendants' motion is premature and that the court should wait to conduct a choice-of-law analysis until after discovery. (Filing No. 33 at pp. 3-4).

To determine whether Plaintiffs' claim for punitive damages has a basis in law, the court must necessarily determine whether Nebraska law, which prohibits punitive damages, or California law, which allows for punitive damages, applies.  Ordinarily, a federal court sitting in diversity must apply the choice-of-law rules of the state in which it sits. *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 65 (2013)(citing *Klaxon v. Stentor Elec. Mfg. Co*., 313 U.S. 489, 494-96 (1941)).  Nebraska courts resolve conflicts of law involving tortious conduct and damages by applying the "most significant relationship" test enumerated in the Restatement (Second) of Conflict of Laws § 145 (1971).  See *O'Brien v. Cessna Aircraft Co.*, 903 N.W.2d 432, 459 (Neb. 2017)(applying the most significant relationship test in a personal injury case).  For torts generally, the "[c]ontacts to be taken into account [in determining the most significant relationship]" include, "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered."  Restatement (Second) of Conflict of Laws § 145.  Courts also consider that "[c]omment d. of § 171 [of the Restatement] addresses exemplary or punitive damages and directs that '[t]he law selected by application of the rule of § 145 determines the right to exemplary damages.'" *O'Brien*, 903 N.W.2d at 459.

Here, the traffic collision that caused Vanicek's death and provides the basis of all the Plaintiffs' claims occurred near mile marker 284 on I-80, in Buffalo County, Nebraska.  As such, all the alleged tortious conduct occurred at the same location in Nebraska.  Vanicek was a Nebraska resident as are all the plaintiffs, including Vanicek's wife, parents, and minor children.  These factors weigh heavily towards application of Nebraska law.  The sole connection this case has to California is that both Defendants are California residents.  However, the only relationship between the parties arises from the alleged wrongful conduct that occurred exclusively in Nebraska. Therefore, nearly all factors demonstrate Nebraska has the most significant relationship with this lawsuit.  Accordingly, Nebraska applies.

Plaintiffs largely agree Nebraska law controls but contend California law nevertheless should be applied for the sake of awarding punitive damages, citing *Fanselow v. Rice*, 213 F. Supp. 2d 1077 (D. Neb. 2002). Similar to this case, *Fanselow* involved a commercial vehicle that struck a passenger vehicle on I-80 in Nebraska, killing one of the passenger vehicle's occupants. Also as in this case, the defendants were domiciled in other states. The plaintiffs in *Fanselow* argued that the law where the defendants were domiciled should apply to permit punitive damages. This court agreed, holding that Nebraska had less interest than other states in protecting out of state defendants from punitive consequences of negligent behavior because (1) no defendant was a Nebraska resident, and (2) the defendants' only connection to the state was via the accident. The court therefore applied Minnesota and Oregon law, both of which permit punitive damages. *Id*. at 1085-86; s*ee also Susman v. Goodyear Tire & Rubber Co.*, No. 8:18-CV-127, 2019 WL 5087279 at *8 (D. Neb. Oct. 10, 2019)(concluding conflict between Nebraska law prohibiting punitive damages and Ohio law permitting punitive damages was a "false conflict" as Nebraskan interests are unaffected by application of Ohio law against an Ohio corporation with its principal place of business in Ohio).

The facts of this case are similar to *Fanselow*. However, Defendants argue that the proper standard for awarding punitive damages is found in *Trimble v. Helwig*, No. 7:19-CV-5015, 2020 WL 2850047 at *6 (D. Neb. Jun. 2, 2020). The plaintiff in *Trimble* sought to apply New Jersey law to allow an award of punitive damages for Nebraska tort claims. As in *Fanselow* and the current case, the defendant in *Trimble* was an out of state corporation whose only relationship with Nebraska was borne from the tortious incident. *Id*. The court held in *Trimble* that only the Restatement § 145 factors mattered in the analysis. It did not consider New Jersey's interests in punishing the negligent behavior of its own corporate citizen to be relevant to its application of the choice of law analysis. As in the present case, the balance of Restatement § 145 factors tipped towards Nebraska law, which barred punitive damages. See *id.*

The Eighth Circuit has found that punitive damages are unavailable to a plaintiff in a diversity case due to Nebraska's strong policy prohibiting punitive damages. See *Enron Corp. v. Lawyers Title Ins. Corp.*, 940 F.2d 307, 313 (8th Cir. 1991). In *Enron*, the circuit found that either Nebraska or Virgin Islands law could apply to the case generally but determined "the relevant policies of Nebraska and the Virgin Islands are the proper focal points of this inquiry" on the issue of punitive damages. *Enron*, 940 F.2d at 313. After looking at each forum's policies, the circuit

held punitive damages were unavailable because Nebraska's "clear constitutional prohibition" against punitive damages outweighed the Virgin Islands' simple adoption of the Restatement's position that merely permitted punitive damages. *Id.*

In this case, Plaintiffs seek punitive damages under California law. Plaintiffs have not provided any particular California policy favoring punitive damages in this case. Given that the California provisions allowing punitive damages are "strictly statutory," such statutory provisions do not outweigh the compelling force of the Nebraska constitution. Here, Nebraska has the most significant relationship to the action. And Nebraska policy is clear: "'[P]unitive, vindictive, or exemplary damages contravene Neb. Const. art. VII, § 5, and thus are not allowed in this jurisdiction.'" *O'Brien*, 903 N.W.2d at 458 (quoting *Distinctive Printing & Packaging Co.*, 443 N.W.2d at 574 (Neb. 1989)). Although Plaintiffs assert Defendants' motion to strike is premature, it is not clear to the court what additional evidence could be found in discovery that would outweigh Nebraska's "clear constitutional prohibition" against punitive damages.[1] In light of the foregoing, the court finds Nebraska law applies to Plaintiffs claims, including their claim for punitive damages, which are prohibited by the Nebraska constitution. Accordingly, the court will strike Plaintiffs' claim for punitive damages from the amended complaint's prayer for relief and from paragraph 22, as well as specific references to California law in paragraphs 22, 27, 32, and closing prayer.

Defendants also request to strike Plaintiffs' allegations of "gross negligence," "evil" or "malicious" acts, "egregious and oppressive conduct," and "willful disregard of the safety of others," in paragraphs 16, 16(f), 16(h), and 20-22. (Filing No. 31). In order to strike these allegations, Defendants must show that these statements have "no bearing on the subject matter of the litigation and that [their] inclusion will prejudice" them. *Naes v. City of St. Louis*, No. 4:19-cv-02132, 2020 WL 6044355, at *1 (E.D. Mo. Oct. 13, 2020)(citing *Laney v. City of St. Louis*, No. 4:18-cv-1575, 2019 WL 2423308, at *8 (E.D. Mo. June 10, 2019). Given that striking a party's pleading is "is an extreme and disfavored measure," the court is inclined to be especially precise in doing so. See *Nationwide Ins. Co.*, 278 F.3d at 748 (citing *Stanbury L. Firm*, 221 F.3d at 1063). Plaintiffs' characterization of Defendants' conduct in such terms may be somewhat superfluous in light of the court's striking of their request for punitive damages, but the court finds no reason why Plaintiffs should be prohibited from alleging Defendants' conduct was willful, egregious, grossly

---

[1] But, Plaintiffs may in good faith seek leave to reassert their claim for punitive damages in the unlikely event discovery does provide them with additional evidence establishing a legitimate basis for California law to apply.

negligent, or the like.  And, Defendants have not shown such allegations are prejudicial.  Therefore, the court does not find striking these statements from Plaintiffs' second amended complaint is warranted.  Accordingly,

**IT IS ORDERED**:

1. Defendants' Motion to Strike (Filing No. 31) is granted, in part.  Plaintiffs' request for punitive damages and reference to California law are stricken as set forth above.
2. Defendants shall file an answer to the second amended complaint on or before **September 22, 2021**.
3. Mandatory disclosures shall be served by **October 8, 2021**.
4. The parties shall meet and confer, and, on or before **October 8, 2021**, they shall jointly file a Rule 26(f) Report, a copy of which can be found at http://www.ned.uscourts.gov/forms.[2]

Dated this 15th day of September, 2021.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

---

[2] See https://www.ned.uscourts.gov/forms. The parties are hereby notified or reminded that the Rule 26(f) Report for civil cases pending in the District of Nebraska has been substantially modified, with an effective date of June 11, 2020.

**DO NOT** use prior versions of this report.

At the civil bar's request, the court created a Rule 26 Report Calculator for generating proposed dates to complete the Rule 26(f) Report. This online tool was designed to offer insight on how cases are typically progressed in the District of Nebraska. It does not replace the need for counsel to decide what is reasonable and appropriate in a specific case.