IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSICA VANICEK, Personal Representative of the Estate of Ryan T. Vanicek; THOMAS VANICEK, Individually, and Parents of the Deceased, Ryan T. Vanicek; KAREN VANICEK, Individually, and Parents of the Deceased, Ryan T. Vanicek; and TAMARA WITZEL, Step-daughter of the Deceased, Ryan T. Vanicek; | **8:21-CV-49** |
| Plaintiffs, | |
| vs. | **MEMORANDUM AND ORDER** |
| KENNETH E. KRATT, and SANDAIR CORPORATION, | |
| Defendants. | |

## I.    INTRODUCTION

Jessica Vanicek, Thomas Vanicek, Karen Vanicek, and Tamara Witzel have sued Kenneth E. Kratt and Sandair Corporation ("Sandair") for wrongful death and negligent infliction of emotional distress. Before the Court is Plaintiffs' Objection to Magistrate Judge's Order striking all references to California law and punitive damages. Filing 36. For the reasons stated herein, the Court overrules Plaintiffs' objection.

1

## II.     BACKGROUND

This case arises from an accident that occurred on interstate highway I-80 in Nebraska. According to Plaintiffs, Ryan T. Vanicek was driving on I-80 on September 20, 2019, when Kratt, driving a tractor trailer, collided with Ryan Vanicek's vehicle. Filing 30 at 1–6. At the time, Kratt, a California resident, was driving the tractor trailer in the course and scope of his employment with defendant Sandair, a California corporation. Filing 30 at 3–4. Plaintiffs allege that the collision killed three people, including Ryan Vanicek. Filing 30 at 6. Plaintiffs contend Kratt was driving negligently and seek to hold him and his employer, Sandair, liable for wrongful death and negligent infliction of emotional distress. Filing 30 at 4–9.

On April 9, 2021, Defendants filed a Motion to Strike Plaintiffs' request for punitive damages and any references to California law and elements required for an award of punitive damages in Plaintiffs' Amended Complaint. Filing 31. In a September 15, 2021, Order, the Magistrate Judge granted the motion in part with respect to Plaintiffs' references to California law and punitive damages. Filing 34 at 5. The Magistrate Judge denied the motion to strike Plaintiffs' use of the phrases "gross negligence," "evil" or "malicious acts," "egregious and oppressive conduct," and "willful disregard of the safety of others." Filing 34 at 5. Plaintiffs filed an Objection to Magistrate Judge's Order on September 29, 2021, objecting to the Magistrate Judge striking references to California law and punitive damages in their Amended Complaint. Filing 36.

## III.     ANALYSIS

### A.  Standard of Review

When a party objects to a magistrate judge's order on a nondispositive pretrial matter, a district court may set aside any part of the order shown to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). "A finding is 'clearly erroneous' when

although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chase v. Comm'r*, 926 F.2d 737, 740 (8th Cir. 1991) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040 (S.D. Iowa 2010) (internal quotation marks omitted). The standard of review for an appeal of a Magistrate Judge's order on nondispositive matters is extremely deferential. *See* 28 U.S.C. § 636(b)(1)(A); *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013).

**B.   The Magistrate Judge's Order Was Not Clearly Erroneous or Contrary to Law**

The Magistrate Judge struck the references to California law and punitive damages in Plaintiffs' Amended Complaint under Federal Rule of Civil Procedure 12(f). Rule 12(f) permits the Court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While "[j]udges enjoy liberal discretion to strike pleadings under Rule 12(f) . . . [s]triking a party's pleading . . . is an extreme and disfavored measure." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (internal citations omitted). "[T]he rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case." *Williams v. Averitt Express*, No. 8:15CV464, 2016 WL 589861, at *2 (D. Neb. Feb. 11, 2016).

The issue before the Magistrate Judge was whether to apply Nebraska law, which prohibits punitive damages, or California law, which allows for punitive damages. *Compare Distinctive Printing & Packaging Co. v. Cox*, 232 Neb. 846, 857 (Neb. 1989) ("[P]unitive, vindictive, or exemplary damages contravene Neb. Const. art. VII, § 5, and thus are not allowed in this jurisdiction."), *with Scott v. Ford Motor Co.*, 169 Cal. Rptr. 3d 823, 832 (Cal. Ct. App. 2014), *as*

*modified on denial of reh'g* (Apr. 23, 2014) ("California courts, pursuant to statute, allow the award of punitive damages in tort actions." (citing Cal. Civ. Code § 3294(a))). "A federal court sitting in diversity ordinarily must follow the choice-of-law rules of the State in which it sits." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 65 (2013). Courts in Nebraska analyze choice-of-law issues in tort cases under the "most significant relationship" test articulated in the Restatement (Second) of Conflict of Laws § 145 (1971). *See O'Brien v. Cessna Aircraft Co.*, 903 N.W.2d 432, 459 (Neb. 2017) (noting that the Nebraska Supreme Court "consistently has applied" the most significant relationship test in tort cases). Under this test, the Court considers the following contacts:

> (a) the place where the injury occurred,
>
> (b) the place where the conduct causing the injury occurred,
>
> (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
>
> (d) the place where the relationship, if any, between the parties is centered.

*Id.* (quoting Restatement (Second) of Conflict of Laws § 145(2) (1971)). Nebraska Courts further look to comment d of § 171 of the Restatement, which "addresses exemplary or punitive damages and directs that '[t]he law selected by application of the rule of § 145 determines the right to exemplary damages.'" *Id.* (alteration in original) (quoting Restatement (Second) of Conflict of Laws § 171, cmt. d).

The Magistrate Judge properly weighed the Restatement factors. The Magistrate Judge noted that the traffic collision giving rise to Plaintiffs' claims occurred in Nebraska, all the plaintiffs are residents of Nebraska, and the only relationship between Plaintiffs and Defendants arose from the allegedly wrongful conduct that occurred exclusively in Nebraska. Filing 34 at 3.

4

In contrast, the Magistrate Judge observed that the only connection to California is that Defendants are California residents. Filing 34 at 3. Finding no particular California policy favoring punitive damages in this case and recognizing that Nebraska has a strong policy of prohibiting punitive damages, *see Enron Corp. v. Laws. Title Ins. Corp.*, 940 F.2d 307, 313 (8th Cir. 1991) (noting "Nebraska's clear constitutional prohibition" against punitive damages), the Magistrate Judge concluded that Nebraska had the most significant interest. Filing 34 at 4–5. The Court finds that the Magistrate Judge's ruling is not contrary to law or clearly erroneous.

Plaintiffs object to the Magistrate Judge's order, citing three diversity cases from this District finding that another jurisdiction's law allowing for punitive damages should apply instead of Nebraska law. Filing 36 at 2. Plaintiffs also take issue with the Magistrate Judge's reference to *Trimble v. Helwig*, a recent case in this District that found that Nebraska's prohibition on punitive damages should apply over New Jersey law allowing for punitive damages. Filing 36 at 6–7; *see Trimble v. Helwig*, No. 7:19-CV-5015, 2020 WL 2850047 at *6 (D. Neb. Jun. 2, 2020). However, "choice-of-law determinations are fact-intensive inquiries." *Bristol–Myers Squibb Co. v. Matrix Lab'ys Ltd.*, 655 F. App'x 9, 13 (2d Cir. 2016); *see also Leisman v. Archway Med., Inc.*, 53 F. Supp. 3d 1144, 1148 (E.D. Mo. 2014) (observing the "fact-intensive nature of a choice of law analysis"). Thus, what matters is looking to the facts in this case, as alleged in Plaintiffs' Amended Complaint, to determine which state has the most significant interest. The Magistrate Judge properly considered the Restatement factors in light of the facts of this case. In summary, the Court finds that the Magistrate Judge's decision to strike references to California law and punitive damages in Plaintiffs' Amended Complaint was not clearly erroneous or contrary to law.

## IV.    CONCLUSION

Plaintiffs have not shown that the Magistrate Judge's order was clearly erroneous or contrary to law. Accordingly,

IT IS ORDERED:

1.  Plaintiffs' Objection to Magistrate Judge's Order, Filing 36, is overruled.


Dated this 19th day of November, 2021.

BY THE COURT:

Brian C. Buescher
United States District Judge