IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSICA VANICEK, Personal Representative of the Estate of Ryan T. Vanicek; THOMAS VANICEK, Individually, and Parents of the Deceased, Ryan T. Vanicek; KAREN VANICEK, Individually, and Parents of the Deceased, Ryan T. Vanicek; and TAMARA WITZEL, Step-daughter of the Deceased, Ryan T. Vanicek;<br><br>     **Plaintiffs,**<br><br> and<br><br>LYMAN-RICHEY CORPORATION, d/b/a CENTRAL SAND AND GRAVEL COMPANY,<br><br>     **Intervenor-Plaintiff,**<br><br> vs.<br><br>**KENNETH E. KRATT, and SANDAIR CORPORATION,**<br><br>     **Defendants.** | 8:21CV49<br><br><br><br><br>ORDER |

   The undersigned magistrate judge held a telephonic conference with counsel for the parties on September 30, 2022, regarding the parties' dispute over the scope of discovery. In advance of the call, the Court received short written statements regarding the dispute, which are attached to this Order. The Court's rulings were stated on the record during the call. In sum, the Court found Plaintiff's Rule 30(b)(6) deposition topics were only relevant to the merits of punitive damages, which were previously stricken by the Court after finding Nebraska law applies, and Defendant does not have to produce a deponent to testify. This Order together with the audio file of the conference shall constitute an order for purposes of NECivR. 72.2.

   **IT IS SO ORDERED**.

   Dated this 30th day of September, 2022.

                    BY THE COURT:

                    s/Michael D. Nelson
                    United States Magistrate Judge

# ERICKSON | SEDERSTROM
### ATTORNEYS AT LAW

MATTHEW D. QUANDT
ATTORNEY AT LAW

10330 REGENCY PARKWAY DRIVE, SUITE 100
OMAHA, NEBRASKA 68114-3761
TELEPHONE (402) 397-2200
FACSIMILE (402) 390-7137

(402) 384-6893
quandt@eslaw.com

September 27, 2022

The Honorable Michael D. Nelson *via* nelson@ned.uscourts.gov
United States Magistrate Judge

                                                    RE:    Vanicek v. Sandair & Kratt
                                                              No. 8:21-cv-00049

Dear Judge Nelson:

      The issue (again) is the proper scope of discovery. Defendants' *Answer* admitted liability (Doc #35), and Plaintiffs' punitive damage claims were previously struck (Doc #34). Plaintiffs' counsel wants to take the unlimited depositions of Mr. Kratt and Sandair entirely focused on irrelevant punitive damages facts.

      In your *Order* striking Plaintiffs' punitive damage claim, you cited the Restatement (Second) of Conflict of Laws § 145 and held that "nearly all factors demonstrate Nebraska has the most significant relationship with this lawsuit. Accordingly, Nebraska applies." (Doc #34 at p. 3). You also included a footnote: "But, Plaintiffs may in good faith seek leave to reassert their claim for punitive damages **in the unlikely event discovery does provide them with additional evidence establishing a legitimate basis for California law to apply**." (Doc #34 at p. 5, fn. 1) (emphasis added).

      We held multiple meet and confers to discuss limiting the scope of discovery according to your footnote, but Plaintiffs' counsel refused to make any concessions. He actually wrote: "Under CA law **we must first show egregious behavior** on the part of Kratt...." By his own admissions, he only seeks discovery into punitive damage facts. He forgets that he must abide by your *Order*, and first prove that California law applies, before we ever explore punitive damage facts. He is putting the cart before the horse.

      **We addressed this exact issue earlier this year**. (Please see my May 9th position statement for full background). On May 10th, you held:

> Docket Text:
> TEXT MINUTE ENTRY for discovery dispute conference held by telephone with counsel for the parties on May 10, 2022, before Magistrate Judge Michael D. Nelson. Discussion and arguments held regarding Plaintiff's intent to depose witnesses in California regarding punitive damages. **The Court tentatively found the depositions would not be relevant because Plaintiff's prayer for punitive damages was stricken but will reconsider the issue after Plaintiff issues a Rule 30(b)(6) deposition notice.**

(Doc #66, emphasis added)

      *Over three months later*, Plaintiffs' counsel finally sent us a proposed 30(b)(6) *Notice* (attached for your reference). I don't even know where to begin, but it consists entirely of irrelevant inquiries, just for example: Interrogatory No. 15 (requesting maintenance records of the vehicle for 6 months prior to the accident), Request for Admission No. 6 (admit the construction project had eastbound lane closures starting August 26, 2019, through the date of the accident), Request for Admission No. 13 (admit first settlement communication was on December 22, 2020), Interrogatory No. 18 (requesting a description of any crimes and traffic

1417301

Page 2
September 27, 2022

offenses Mr. Kratt has been involved in over a 15 year period). He also wants to take Mr. Kratt's deposition without limitation. The parties previously discussed their positions by Zoom, letter, and e-mail but remain at an impasse. As we have repeatedly explained, **we are happy to produce Defendants for deposition so long as it is properly limited to the only relevant issues: Restatement choice of law factors or the nature and extent of Plaintiffs' damages.**

Plaintiffs' counsel doesn't appreciate or agree with your 9/15/21 *Order* striking punitive damages, Judge Buescher's 11/19/21 *Order* affirming your *Order* striking punitive damages, or your 5/10/22 *Order* limiting the scope of depositions. He fails to understand that he must first attempt to establish that California law applies. If, and only if, he can do that, then he can explore punitive damage facts. I have repeatedly explained this in countless correspondence, e-mails, a Zoom call, and even a letter requested by Plaintiffs' counsel after the Zoom call:

> As evidenced by your voluminous discovery requests and admitted in prior correspondence, you are searching for punitive damage facts. That is improper. **First, Plaintiffs must establish that California law applies.** The only discovery relevant to that threshold issue is the *Restatement* choice of law factors. When we look at your hundreds of discovery requests, 99 percent or more do not have anything to do with those factors. Judge Nelson and Judge Buescher's *Orders* are very clear, and they follow long-standing Nebraska caselaw. We will not subject our clients to irrelevant, harassing, annoying, expensive, etc. discovery regarding punitive damages. As we have repeatedly communicated since May: "If you would like to take a deposition regarding the choice of law factors, we are happy to facilitate that and are still awaiting a 30(b)(6) topic list. But we object to any discovery that is irrelevant, i.e. punitive facts or facts not related to the nature and extent of Plaintiff's damages." Your recent 30(b)(6) topic list does not remedy this issue; it is essentially a regurgitation of all discovery requests to date (almost all of which is irrelevant and objected to) and a few other topics that are similarly irrelevant and objectionable (i.e. maintenance and repair, similar claims within the past 10 years of drivers driving negligently, etc.) **If you would agree to limit the scope of your discovery to the only relevant issues as explained above, please send us a revised 30(b)(6) topic list so we can begin scheduling. If not, we have no choice but to address this with Judge Nelson again.**

(Emphasis in original) **Unfortunately, here we are, with no progress since your 9/15/21 *Order* or 5/10/22 hearing and *Order*.**

In early June, the parties scheduled mediation on October 4th with Mike Kinney in Omaha. Plaintiffs' counsel is now threatening to cancel it, because he wants to take these punitive damage fact depositions. We are happy to facilitate any relevant discovery, but Plaintiffs' counsel's failure to appreciate or agree with the Court's *Orders* regarding the proper scope of discovery is now affecting any chance at settlement. On September 14th, we wrote:

> I am glad that we will able to get our discovery dispute before Judge Nelson on September 30. We scheduled mediation with your preferred mediator in early June, shortly after Judge Nelson's Order limiting discovery. You have recently expressed a desire to cancel. I believe we should keep the October 4 mediation scheduled for the time being. If Judge Nelson affirms his guidance on the proper scope of discovery, we should proceed with mediation. If he rules that you can take unlimited depositions on punitive damage facts, we can cancel mediation at that time. We believe that is the most reasonable and efficient way to proceed with this litigation.

**We need your guidance, again, so we can attempt to resolve this issue at the 10/4 mediation.**

Page 3
September 27, 2022

                                                                Sincerely,

                                                                Matthew D. Quandt

MDQ:mdq
Enclosures: (Plaintiffs' proposed 30(b)(6) *Notice*)

cc:      Thomas J. Culhane (*Via E-mail*)

# MEMO TO COURT FOR 9/30/22 DISCOVERY DISPUTE:

**VANICEK:  8:21CV49**

The dispute herein deals primarily with discovery in general but more directly with the issues of pain and suffering and punitive damages.  Based upon the Court's ruling (#34) – "Plaintiffs may in good faith seek leave to reassert their claim for punitive damages in the <u>unlikely</u>[1] event **discovery does provide them with additional evidence** establishing a legitimate basis for California law to apply."  Unless Plaintiffs can actually look at the evidence by discovery – how do Plaintiffs establish that potential "legitimate basis"?

But more importantly in a "most significant relationship" analysis of relevant issues the Court relied upon the *Enron* case (940 F.2d 307) (#34), which Plaintiff would respectively submit is a poor choice – and much better cases are out there which more accurately and correctly state/deal with the "most significant relationship" issue as we find the facts in this particular case. (See *Fanselow* - 213 F.Supp.2d 1077, *Susman* - No. 8:18CV127, & *Hanzel* - 8:05CV435 – but in Hanzel it was also noted:  "<u>The orders in *Fanselow* and *Sanford* were both entered on motions with evidentiary submissions after the parties had the opportunity to conduct discovery, factors I find to be significant. In this case, the parties have not even exchanged initial disclosures. See Fed.R.Civ.P. 26(a)(1). It is quite possible that, during discovery, the parties may uncover contracts, releases, or other documents that will resolve this issue.</u>"

The *Enron* case involved one company – Enron and one title insurance company -- Lawyers Title Insurance Corporation – with a dispute between the two of them – with really no repercussions to other parties or issues.  In our case we have a California company with an excess of 200 trucks running around the USA – and the question for "California's interest" – how are those trucks preforming?

In our case – Defendant's truck goes into a construction area in Nebraska – at 75 mph – which is at least 10 miles over the posted speed limit – travels for several miles in the construction area at that speed – and then plows into a line of stopped vehicles at 75 mph killing 3 people – with the driver then justifying or excusing his actions in killing/injuring innocent people as being "<u>velocitized</u>" or suffering from "<u>highway hypnosis</u>", "<u>white line fever</u>", "<u>zoning out</u>", or being on "<u>autopilot</u>".  Also, in looking at his logged duty hours – for the 5 days leading up to this accident: **9/16** – sleep 11:04 – <u>duty 9:19</u>; **9/17** – sleep 5:07 – <u>duty 5:50</u>; **9:18** – sleep 14:26 – <u>duty 9:25</u> ; **9/19** – sleep 11:57 – <u>duty 11:12</u>; & **9/20** – sleep 4:38 – <u>duty 10:02.</u>

Finally, Paul Hamilton, Director of Operations and Safety for Defendant Sandair, testified they have drivers who drive 15,000 – 20,000 miles a month – with 15,000 miles per month "not unusual".  The national averages for truck miles driven – is more realistically  80,000 – to 110,000

---

[1] I think this choice of words has given the Defendants support for their statement and/or claim – "The punitive damage issue is resolved, by both Judge Nelson and Judge Buescher" – and as such Defendants are basically blocking any attempts at discovery under Rules 26, 30(b)(6), 33, 34, and/or 45.

1

miles a year with some drivers getting up to 125,000 miles per year.[2]  Simply put with those amount of miles/hours Sandair's drivers are basically driving, sleeping, and eating – but also most likely directly violating Part 395 of the Federal Motor Carrier Safety Regulations on hours/miles driven -- which are enforced by the Federal Motor Carrier Safety Administration (FMCSA).

Defendant Kratt was clearly guilty of an intentional act and/or of "gross negligence" as required under California punitive damages Rule 3294.  The employer, on the other hand is a different issue – and for an employer to be susceptible to punitive damages -- Plaintiff must show that the employer "actively and knowingly participated" in the negligent conduct, or that the employer knowingly condoned the negligent conduct or that the employer acted with such "gross negligence" that it "contributed" to the damages sustained by the victim.  Sandair sets/schedules the loads so from a "most significant relationship" California has a direct interest in controlling its citizens/companies – whether in state or across the USA – rather than Nebraska.

The Defendants have actively attempted to thwart the Plaintiffs' efforts of discovery in at least the following manner:  Failing to answer discovery under Rule 33, 34, & 36 – but as a substitute/alternative; Failing to allow the deposition of the Defendant driver Kratt[3];  Failing to allow a 30(b)(6)[4] deposition of at least presumably Paul Hamilton and a shareholder; and,  In failing to produce -- allow production of the Highway Patrol investigators reports – namely: TROOPER TODD SUCHSLAND  and TROOPER MATTHEW MAUS – <u>who may also provide evidence and/or testimony on conscious pain and suffering</u>.[5]

Given the above miles driven representations of Sandair's representative (Hamilton) in sworn testimony – we need to further depose him to know and understand the actual total trucks owned by Sandair for each of the past 5 years, total miles driven per year all trucks for 5 years, average miles driven each truck per year for 5 years, highest miles driven on the top 50 preforming trucks for 5 years, lowest miles driven by lowest 50 performing trucks for 5 years,  average miles driven by all drivers per year for 5 years, total miles driven yearly by Kratt for 5 prior years, average duty/driving hours  per driver for past 5 years, and average duty/driving hours for Kratt for past 5 years.

Another issue – under California law Plaintiffs also have a right to look at Defendant Sandair's net worth (financial wellbeing) and as such – along with a bad faith claim for overage claims against the insurance companies – we will want and need to see an asset and liability statement for Sandair

---

[2]https://blog.freefreightsearch.com/how-many-miles-do-truckers-drive-a
year/#:~:text=The%20answer%3A%20a%20LOT.,closer%20to%20125%2C000%20a%20year.

[3] Kratt Notice deposition September 11, 2022 – no response to date.
[4] Notice of 30(b)(6) sent to Defendant August 8, 2022 – no response to date.
[5] Notice subpoena Highway Patrol Officers August 15, 2022 – objection.

for 5 years. (See *Adams v. Murakami* 54 Cal.3d 105, 110 (1991)). Presumably this would involve deposing a major stockholder for the company under 30(b)(6).

Another issue Gibbon Fire & Rescue has been promising their notes for some time for their first contact of Mr. Vanicek -- and they are having problems locating same – so we may need to put a subpoena on them to help find the paperwork – and this goes pain and suffering.

A final issue – Plaintiffs presented a settlement offer to Defendants in December of 2020 – and Defendants finally responded in May of 2022 – <u>simply denying Plaintiffs' claim in total</u> – and to date have never made any counter offer of settlement – or attempted to settle any part of the Plaintiffs claims – with insurance limits of coverage of $1,473,151.72 and $4,000,000.00 – which Plaintiff believes is inadequate coverage – but under the common law guidelines as enumerated in 44-1540 – Defendants actions in failing and refusing to timely resolve Plaintiffs claims is also now bad faith – particularly where they have admitted liability – and particularly where they have delayed any settlement attempts for near 3 years and required Plaintiffs to institute a lawsuit. This problem should also go to the issue of punitive damages and also expose the 2 insurance companies to any possible overage judgments.

Finally, with the delays by the Defendants to date – it will be impossible for Plaintiffs to realistically complete the need discovery as set out below – and Plaintiffs would therefore ask to extend deadlines by 120 days to allow Plaintiffs adequate time to get the depositions of Kratt and a 30(b)(6) of at least Mr. Hamilton and a major stockholder for the company and find and name the needed experts.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSICA VANICEK, Personal Representative of the ESTATE OF RYAN T. VANICEK, | Case No. 8:21 CV 049 |
| Plaintiff, | |
| And | **District Judge Brian C. Buescher** |
| | **Magistrate Judge Michael D. Nelson** |
| LYMAN-RICHEY CORPORATION, D/B/A CENTRAL SAND AND GRAVEL COMPANY, | |
| Plaintiff-Intervenor, | |
| v. | |
| KENNETH E. KRATT and SANDAIR CORPORATION, | |
| Defendants. | |

**FIRST NOTICE OF 30(b) 6 DEPOSITION**

**TO: SANDAIR CORPORATION, BY AND THROUGH ONE OF IT'S ATTORNEY'S, MATTHEW D. QUANDT:**

COMES NOW, the PERSONAL REPRESENTATIVE, JESSICA VANICEK, by and through her attorneys of record, DEMERATH LAW OFFICE, and hereby gives notice that

1

pursuant to the Nebraska Discovery Rules and/or Federal Rules of Civil Procedure, the Plaintiff will take the deposition of the following:

DEPONENT:   Corporate Representative(s) of SANDAIR CORPORATION:

DATE: December   , 2022

TIME:     m

LOCATION:

**SUBJECT MATTERS FOR DEPOSITION TESTIMONY**:

1. All denials, allegations, and/or claims contained in the Answer of SANDAIR CORPORATION, filed in the above-captioned matter (made a part hereof by this reference).

2. All facts, information, and evidence referred to or raised in the Answers to Interrogatories and Requests for Admission -- specifically but not limited to:

    a.  SANDAIR CORPORATION:

1.  DISCOVERY RESPONSES TO PLAINTIFF's DISCOVERY -- SERVED JANUARY 12, 2022 (all made a part hereof by this reference)[1]:

        INTERROGATORY NO. 4

        INTERROGATORY NO. 5

        INTERROGATORY NO. 8

        INTERROGATORY NO. 9

        INTERROGATORY NO. 10

        INTERROGATORY NO. 11

        INTERROGATORY NO. 12

---

[1] Defendant Sandair responses to Discovery 1 & 3 – but Interrogatories are not signed off under oath as required by FRCP 33.

INTERROGATORY NO. 14

INTERROGATORY NO. 15

INTERROGATORY NO. 17

INTERROGATORY NO. 18

INTERROGATORY NO. 19

INTERROGATORY NO. 20

INTERROGATORY NO. 23

2. DISCOVERY RESPONSES TO PLAINTIFF's DISCOVERY -- SERVED MAY 5, 2022 (all made a part hereof by this reference):

INTERROGATORY NO. 2

INTERROGATORY NO. 3

INTERROGATORY NO. 4

INTERROGATORY NO. 5

INTERROGATORY NO. 6

REQUEST FOR ADMISSION NO. 1

REQUEST FOR ADMISSION NO. 2

REQUEST FOR ADMISSION NO. 3[2]

---

[2] Plaintiffs reference *Neb. Rev. Stat*. §44-1540 provisions as describe is the recognized standards Nebraska applies to insurance companies operating in this state. In *J.L.'s Plaza 93, LLC. v. Capitol Specialty Insurance Corp.*, 8:19-CV-184, Plaintiff's reference to *Neb. Rev. Stat*. §44-1540, the Defendant argued the statute does not provide a private right of action and that Plaintiff's Complaint did not state a claim upon which relief could be granted. In that case, the court determined that the references to *Neb Rev. Stat*. § 44:1540 were just that, and illustrated the duties imposed upon any Defendant under the Unfair Insurance Claim Settlement Practice's Act, with its purpose "to set forth standards for the investigation". Those standards in *Neb. Rev. Stat.* §44-1540 can also be used to show that Defendant and/or its agents or representative have breached the implied covenant of good faith and fair dealing found in insurance contracts. *Neb. Rev. Stat.* §44-1537. The court in *J.L's Plaza 93* ultimately determined that references to *Neb. Rev. Stat*. §44-1540 did not and does not preclude recovery under the common law duty of good faith and fair dealing.

3

    REQUEST FOR ADMISSION NO. 4

    REQUEST FOR ADMISSION NO. 5

    REQUEST FOR ADMISSION NO. 6

3.    DISCOVERY RESPONSES TO PLAINTIFF's DISCOVERY -- SERVED AUGUST 8, 2022 (all made a part hereof by this reference):

    INTERROGATORY NO. 1

    INTERROGATORY NO. 1

    INTERROGATORY NO. 2

    REQUEST FOR ADMISSION NO. 3

    REQUEST FOR ADMISSION NO. 4

    REQUEST FOR ADMISSION NO. 5

    REQUEST FOR ADMISSION NO. 6

    REQUEST FOR ADMISSION NO. 7

    REQUEST FOR ADMISSION NO. 8

    REQUEST FOR ADMISSION NO. 9

    REQUEST FOR ADMISSION NO. 10

    REQUEST FOR ADMISSION NO. 11

    REQUEST FOR ADMISSION NO. 13

    REQUEST FOR ADMISSION NO. 14

    REQUEST FOR ADMISSION NO. 15

    REQUEST FOR ADMISSION NO. 16

REQUEST FOR ADMISSION NO. 17

REQUEST FOR ADMISSION NO. 18

REQUEST FOR ADMISSION NO. 19

REQUEST FOR ADMISSION NO. 20

REQUEST FOR ADMISSION NO. 24

REQUEST FOR ADMISSION NO. 25

REQUEST FOR ADMISSION NO. 26

REQUEST FOR ADMISSION NO. 27

REQUEST FOR ADMISSION NO. 28

REQUEST FOR ADMISSION NO. 29

b.  KENNETH E. KRATT:

1. DISCOVERY RESPONSES TO PLAINTIFF's DISCOVERY -- SERVED FEBRUARY 1, 2022 (all made a part hereof by this reference)[3]:

INTERROGATORY NO. 4

INTERROGATORY NO. 5

INTERROGATORY NO. 12

INTERROGATORY NO. 14

INTERROGATORY NO. 15

INTERROGATORY NO. 18

---

[3] Defendant Kratt responses to Discovery 1 & 2 -- but Interrogatories are not signed off under oath as required by FRCP 33.

3. All facts, information, and evidence referred to or raised in the documents produced in Responses to Request for Production of Documents -- specifically but not limited to:

   a. SANDAIR CORPORATION:

1. DISCOVERY RESPONSES TO PLAINTIFF's DISCOVERY -- SERVED MAY 5, 2022 (all made a part hereof by this reference):

   REQUEST FOR PRODUCTION NO. 3

   REQUEST FOR PRODUCTION NO. 5

   REQUEST FOR PRODUCTION NO. 6

   REQUEST FOR PRODUCTION NO. 7

   REQUEST FOR PRODUCTION NO. 8

   REQUEST FOR PRODUCTION NO. 9

   REQUEST FOR PRODUCTION NO. 11

2. DISCOVERY RESPONSES TO PLAINTIFF's DISCOVERY -- SERVED MAY 5, 2022 (all made a part hereof by this reference):

   REQUEST FOR PRODUCTION NO. 1

   REQUEST FOR PRODUCTION NO. 2

   REQUEST FOR PRODUCTION NO. 3

3. DISCOVERY RESPONSES TO PLAINTIFF's DISCOVERY -- SERVED AUGUST 8, 2022 (all made a part hereof by this reference):

   REQUEST FOR PRODUCTION NO. 1

   REQUEST FOR PRODUCTION NO. 2

   REQUEST FOR PRODUCTION NO. 3

REQUEST FOR PRODUCTION NO. 4

REQUEST FOR PRODUCTION NO. 5

REQUEST FOR PRODUCTION NO. 6

REQUEST FOR PRODUCTION NO. 7

REQUEST FOR PRODUCTION NO. 8[4]

b.  KENNETH E. KRATT:

1.  DISCOVERY RESPONSES TO PLAINTIFF's DISCOVERY -- SERVED FEBRUARY 1, 2022 (all made a part hereof by this reference):

REQUEST FOR PRODUCTION NO. 6

4. The person or persons with SANDAIR CORPORATION who are the most knowledgeable concerning the facts that are the subject of this lawsuit.

5. The person or persons with SANDAIR CORPORATION, who are most familiar with and are the most knowledge concerning the facts of this case.

6. The person or persons with the most knowledge concerning any and all maintenance, repair, an/or upkeep work that was performed on the equipment (all trucks and trailers) in the 10 years prior to September 20, 2019.

7. The person most knowledgeable about the accident event herein that is the subject of this lawsuit.

8. The person most knowledgeable about the hiring and training of new drivers – and specifically the hiring and training of KENNETH E. KRATT.

---

[4] A defendant is in the best position to know his or her financial condition and cannot avoid a punitive damage award by failing to cooperate with discovery about his or her financial condition. See *Fernandes v. Singh*, 16 Cal. App. 5th 932, 942 (2017). The net worth metric remains critical. In most cases, evidence of earnings or profit alone are not sufficient without examining the liabilities side of the company balance sheet. *Soto v. Borg Warner Morse TEC Inc.*, 239 Cal.App.4th 165, 194 (2015).

9. The person with the most knowledge about other lawsuits or claims for the past 10 years – which are similar to the claim herein question where a SANDAIR CORPORATION's, driver was driving negligently.

10. The person or persons with SANDAIR CORPORATION, with the most knowledge regarding any maintenance of the tractor and trailer herein question for the 6 months prior to September 20, 2019.

11. The person or persons with SANDAIR CORPORATION most knowledgeable regarding any and all communications of any nature (written and/or verbal) between KENNETH E. KRATT and SANDAIR CORPORATION, or its agents, servants, and/or employees in connection with the accident herein question.

12. The person or persons with SANDAIR CORPORATION most knowledgeable and/or in charge of procuring and maintaining liability insurance coverage – specifically on the trucks owned and/or operated by SANDAIR CORPORATION.

Dated this _____ day of _____, 2022.

JESSICA VANICEK, Personal Representative
of the ESTATE OF RYAN T VANICEK,
Plaintiff

By: s/Larry R. Demerath

Larry R. Demerath #10978

DEMERATH LAW OFFICE

11516 Nicholas Street

Suite 303

Omaha, NE 68154-4409

PH: (402) 677-5656

FAX: (800) 948-8125

Attorney for Estate

8

CERTIFICATE OF SERVICE

On this _____ day of _____, 2022, the undersigned electronically served the foregoing discovery upon the parties, by and through their attorneys of record, as follows:

BRYAN S. HATCH

EMAIL: bhatch@lmhlawfirm.com


JARROD D. REECE

EMAIL: jreece@lmhlawfirm.com


MATTHEW D. QUANDT

EMAIL: quandt@eslaw.com


TOM CULHANE

EMAIL: tculh@eslaw.com

                                                 s/Larry R. Demerath