IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSICA VANICEK, Personal Representative of the Estate of Ryan T. Vanicek; THOMAS VANICEK, Individually, and Parents of the Deceased, Ryan T. Vanicek; KAREN VANICEK, Individually, and Parents of the Deceased, Ryan T. Vanicek; and TAMARA WITZEL, Stepdaughter of the Deceased, Ryan T. Vanicek, | 8:21-CV-49<br><br>MEMORANDUM AND ORDER ON PLAINTIFFS' "MOTION FOR REHEARING ON ORDER" |
| Plaintiffs, | |
| And | |
| LYMAN-RICHEY CORPORATION, d/b/a CENTRAL SAND AND GRAVEL COMPANY, | |
| Plaintiff-Intervenor | |
| vs. | |
| KENNETH E. KRATT, and SANDAIR CORPORATION, | |
| Defendants. | |

Plaintiffs Thomas Vanicek, Karen Vanicek, and Tamara Witzel have moved this Court to reconsider its decision to grant Defendants' Motion for Partial Summary Judgment, as reflected in this Court's Memorandum and Order dated October 25, 2022. *See* Filing 86, Filing 88. Plaintiffs ground their motion in Rules 59 and 60 of the Federal Rules for Civil Procedure. Filing 88 at 2–3. Defendants oppose the Motion. Filing 90. After considering relevant portions of the record, the parties' submissions, and the applicable law, the Court denies Plaintiffs' Motion.

a. **BACKGROUND**

The facts giving rise to the underlying dispute in this case are set forth in the Court's Memorandum and Order granting Defendants' Motion for Partial Summary Judgment. *See* Filing

1

86 at 2–15. The Court incorporates those facts for the purposes of ruling on the present Motion. This Court previously granted Defendants' Motion for Partial Summary Judgment because it concluded that Plaintiffs Thomas Vanicek, Karen Vanicek, and Tamara Witzel "failed to meet the 'high threshold of severity' that Nebraska case law requires" in order to survive summary judgment on negligent infliction of emotional distress (NIED) claims. *See* Filing 86 at 33 (quoting *Hamilton v. Nestor*, 659 N.W.2d 321, 329 (Neb. 2003)).

Because the Court concluded that no reasonable juror could find Plaintiffs suffered emotional distress "so severe that no reasonable person could be expected to endure it[,]" *Hamilton*, 659 N.W.2d at 330, the Court granted summary judgment to Defendants on Plaintiffs' NIED claims. Filing 86 at 43. However, the remaining claim "brought by Jessica Vanicek, Personal Representative for the Estate of Ryan Vanicek," was not affected by the Court's October 25, 2022, Order. Filing 86 at 2. Plaintiffs submitted the present Motion, which they captioned as a "Motion for Rehearing on Order," 10 days later on November 4, 2022. Plaintiffs argue the merits of their Motion in both an Opening Brief (Filing 88-1) and a Reply Brief (Filing 91). Defendants oppose the Motion. Filing 90.

b. **LEGAL ANALYSIS**

a. **Motions for Reconsideration Under Rules 59(e) and 60(b)**

"The Federal Rules of Civil Procedure do not mention motions for reconsideration." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). However, the United States Court of Appeals for the Eighth Circuit has held that "district courts can reconsider earlier rulings 'to avoid later reversal.'" *Ayala v. CyberPower Sys. (USA), Inc.*, 891 F.3d 1074, 1077 n. 2 (8th Cir. 2018) (quoting *Lovett v. Gen. Motors Corp.*, 975 F.2d 518, 522 (8th Cir. 1992)); *see also K.C.1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007) ("The district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment."

(quoting *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1070 (8th Cir. 1995))). Accordingly, even though there is no rule directly addressing motions for reconsideration, such motions are typically construed as falling under Rule 59(e) or Rule 60(b). *See Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017).[1] "A district court is afforded 'wide discretion in ruling on a Rule 60(b) motion[,] and [the court of appeals] will only reverse for a clear abuse of discretion.'" *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 842–43 (8th Cir. 2022) (quoting *In re Levaquin Prod. Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014)). Similarly, "[d]istrict courts have broad discretion in determining whether to alter or amend judgment under Rule 59(e); [the court of appeals] will not reverse absent a clear abuse of discretion." *Cont'l Indem. Co. v. IPFS of New York, LLC*, 7 F.4th 713, 717 (8th Cir. 2021) (quoting *Ryan v. Ryan*, 889 F.3d 499, 507–08 (8th Cir. 2018)).

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). "Rule 59(e) motions are motions to alter or amend a *judgment*, not any nonfinal order." *Broadway*, 193 F.3d at 989 (emphasis in original); *see also Kohlbeck v. Wyndham Vacation Resorts, Inc.*, 7 F.4th 729, 734 (8th Cir. 2021) (noting that a motion under Rule 59(e) "is reserved for final judgments"). "The Rule gives a district court the chance to rectify its own mistakes in the period immediately following its decision." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (internal quotation marks and citation omitted). Generally, only "matters properly encompassed in a decision on the merits" may be asserted in a

---

[1] Plaintiffs have not invoked any other rule in support of their motion in any of their filings on this matter. *See* Filing 88, Filing 88-1, Filing 91. They elected to ground their Motion in Rules 59 and 60. *See* Filing 88-1 at 2–3. However, the Eighth Circuit has also considered motions for reconsideration under Rule 54(b). *See Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015); *SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1111 (8th Cir. 2019). Because Plaintiffs do not rely upon Rule 54(b), the Court will not consider their Motion under that rule.

Rule 59(e) motion, and "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Id.*

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceedings for the following reasons:"

i. mistake, inadvertence, surprise, or excusable neglect;

ii. newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

iii. fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

iv. the judgment is void;

v. the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

vi. any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Eighth Circuit Court of Appeals has explained that a motion to reconsider a non-final order is construed as "one under Rule 60(b)." *Kohlbeck*, 7 F.4th at 734 n.2 (citing *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018) ("This court construes motions for reconsideration of non-final orders as motions under Rule 60(b) . . . ."). The Eighth Circuit has described Rule 60(b) as a rule that "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018) (quoting *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008)). Motions for reconsideration brought pursuant to Rule 60(b) "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold*, 627 F.3d at 721 (internal quotation marks omitted). Such motions "are not to be used to introduce new evidence that could have been adduced during the pendency

of the motion." *Id.* (internal quotation marks omitted). Nor are they "the appropriate place to tender new legal theories for the first time." *Id.* (internal quotation marks omitted). However, as noted above, one of the six grounds on which a party may move for relief under Rule 60(b) is "mistake." Fed. R. Civ. P. 60(b)(1). The Supreme Court recently clarified that this "includes a judge's errors of law." *Kemp v. United States*, 142 S. Ct. 1856, 1862 (2022).

### B. Plaintiffs' Motion is Properly Construed under Rule 60(b) but does not Satisfy Rule 60(b) Standards

The Court finds that this Motion is properly construed under Rule 60(b) because the prior Order at issue was not a final judgment. *Kohlbeck*, 7 F.4th at 734 n.2; *Williams*, 891 F.3d at 706. As the Eighth Circuit Court of Appeals has explained, "Generally, partial summary judgments are not final and not immediately appealable," but only become final and appealable if the district court certifies them for immediate appeal under Rule 54(b) or 28 U.S.C. § 1292(b). *Porter v. Williams*, 436 F.3d 917, 919 (8th Cir. 2006). This Court has done neither to make its ruling on Defendants' Motion for Partial Summary Judgment final. Therefore, the Court will consider Plaintiffs' Motion under Rule 60(b) standards.

*1. The Parties' Arguments*

Plaintiffs' central argument is that the evidence submitted by Defendants in support of their Motion for Partial Summary Judgment—namely, the affidavit of Dr. Terry A. Davis—was "lacking" because Dr. Davis did not personally meet, visit, examine, or evaluate Plaintiffs or otherwise personally administer any testing upon them. Filing 88-1 at 8; *see also* Filing 91 at 3 (Plaintiffs arguing in reply that, "[t]he real controversy that remains, however, is simply the credibility of Defendants' expert . . ."). Plaintiffs argue that by opining on patients he had never personally observed, Dr. Davis departed from professional norms and his conclusions are the byproduct of an unreliable methodology. *See* Filing 88-1 at 9–10. Plaintiffs specifically cite

5

Federal Rule of Evidence 702 and argue that Dr. Davis's opinions lacked the requisite reliability that is necessary for expert testimony. *See* Filing 88-1 at 10–11, 18. They also reiterate the same argument they previously made that whether distress is endurable is a question that should be left for the jury. *See* Filing 88-1 at 16; Filing 78 at 6.

For their part, Defendants argue that "Plaintiffs' motion fails because: (1) Plaintiffs' Response admitted as fact Dr. Davis's opinions; (2) [their Motion] tenders new legal theories and raises untimely arguments regarding Dr. Davis's opinion; and (3) [their Motion] improperly characterizes and/or fails to address the level of requisite severity of emotional distress under Nebraska law." Filing 90 at 4.

2. *Discussion*

In this motion, Plaintiffs have not presented "newly discovered" evidence, but they instead rely upon the exact same evidentiary materials on this Motion as they did in their brief opposing summary judgment. *See* Filing 88 at 2–3. Thus, the only basis for this Court to reconsider its prior Order would be to correct manifest errors of law or fact. *Arnold*, 627 F.3d at 721. Plaintiffs have failed to show either.

1. Plaintiffs' New Arguments and Legal Theories Are Inappropriate at this Stage

Plaintiffs' new attack on Dr. Davis's affidavit fails for several reasons. First, Plaintiffs never contested the reliability or legal relevance of Dr. Davis's opinions under Federal Rule of Evidence 702 in their brief opposing partial summary judgment. Plaintiffs admit in their Opening Brief that when this matter was initially being litigated, they "took the position . . . that Dr. Davis' opinions or diagnosis [sic] are of little value given that he did not meet and assess the individual Plaintiffs and their issues." Filing 88-1. Arguing that an expert's opinions "are of little value" is different from arguing that they are so unreliable that they cannot be considered consistent with

Federal Rule of Evidence 702—something Plaintiffs now contend for the very first time. *See* Filing 88-1 at 10 (Plaintiffs citing Fed. R. Evid. 702); Filing 88-1 at 22 (Plaintiffs contending that Dr. Davis's methodology did not qualify him "to render a professional opinion under at least Rule 702 and 401"). Because this argument is tendered for the very first time, it is a new theory that is inappropriate on a motion to reconsider. *Arnold*, 627 F.3d at 721.

2. Plaintiffs Cannot now Contest Dr. Davis's Opinions—as Originally Set Forth in Defendants' Statement of Facts—when They Declined to do so Previously

Second, not only did Plaintiffs fail to contest consideration of Dr. Davis's opinions in their brief opposing summary judgment, they effectively admitted to his opinions by failing to comply with this Court's local rules. The Court will not belabor this point having previously discussed the matter at length in its original ruling. *See* Filing 86 at 2–3, 35, 37, 42–43. It is enough to reiterate that "Plaintiffs' noncompliance with this Court's rules on summary judgment carries consequences. Consistent with NECivR 56.1(b)(2), the Court deems all uncontroverted statements of material fact set forth in Defendants' opening brief to be admitted by Plaintiffs." Filing 86 at 3. To the extent that Plaintiffs wanted to contest Dr. Davis's conclusions, it was incumbent on them to comply with the Court's local rules by including in their "brief a concise response to the moving party's statement of material facts" in "separate numbered paragraph[s]" with "pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line) or other materials upon which" they relied. *See* NECivR 56.1(b)(2). They failed to do so. The Court will not entertain a motion for reconsideration where the moving party failed to comply with governing local rules the first time around.

Plaintiffs' reply brief takes particular issue with the Court's decision to abide by its local rules on this matter. *See* Filing 91 at 3–8. They argue that "[t]he Court had options in choosing how to rule on Defendants' Motion for Summary Judgment, and chose to recognize by default, all

Defendants alleged 'facts' as true." Filing 91 at 4. Plaintiffs cite Rule 56(e) of the Federal Rules of Civil Procedure which does, indeed, provide several "options" a court may take if a party fails to properly address another party's assertion of fact on a motion for summary judgment. See Filing 91 at 7. One of these options is to "consider the fact undisputed for purposes of the motion[.]" Fed. R. Civ. P. 56(e)(2). Therefore, even in the absence of the Court's local rules, the Court still had authority to exercise this same option pursuant to Fed. R. Civ. P. 56(e)(2). Unsurprisingly, Plaintiffs have not cited any case suggesting that a court abuses its discretion by following its own local rules consistent with what Fed. R. Civ. P. 56(e)(2) separately allows.[2]

> 3. Plaintiffs Fail to Recognize that Consistent with this Court's Prior Order, Partial Summary Judgment in Defendants' Favor was Appropriate Irrespective of Dr. Davis's Opinions

Third, Plaintiffs fundamentally fail to appreciate that the Court found that they did not establish sufficiently severe emotional distress based upon their own evidence—even without separately considering Dr. Davis's opinions. *See* Filing 86 at 35 (the Court concluding, "Even setting aside what Dr. Davis has to say, Dr. Feltoon himself acknowledges that Thomas's score of 'nine' on the Beck Depression Inventory II 'places him in the Minimally Depressed range' and his score of 'one' on the Beck Anxiety Inventory 'places him in the minimally anxious range'"); Filing 86 at 37 (the Court noting, "Just like Thomas, Tamara cannot point to any medical opinion concluding that her emotional distress meets the 'high threshold of severity under this standard'"); Filing 86 at 42 (the Court reasoning that Karen "has not met this very high bar . . . and it reaches this conclusion irrespective of Dr. Davis's opinions"). Dr. Davis's opinions separately undermined

---

[2] *See United States v. Mills*, 18 F.4th 573, 576 (8th Cir. 2021) (citing Fed. R. Civ. P. 56(e)(2) and noting that when a party failed to respond to the government's motion for summary judgment, "the district court properly adopted the government's statement of undisputed facts"); *see also Mann v. Taser Int'l., Inc.*, 588 F.3d 1291, 1302–03 (11th Cir. 2009) (finding no abuse of discretion where the district court considered the movant's statement of facts to be admitted based upon the non-moving party's failure to respond in accordance with the district court's local rules).

Plaintiffs' NIED claims to be sure, but the Court reached its determinations after it looked primarily to the evidence that Plaintiffs offered and found it to be insufficient in its own right. Accordingly, Plaintiffs' new attacks on Dr. Davis's opinions—improper as they may be at this stage—ultimately would not alter the end-result even if these arguments had merit.

### c. CONCLUSION

IT IS ORDERED that Defendants' "Motion For Rehearing On Order (#86)," Filing 88, is denied. The Court's Original Memorandum and Order on this matter, Filing 86, remains undisturbed.

Dated this 9th day of December, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge