# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSICA VANICEK, Personal Representative of the Estate of Ryan T. Vanicek;<br><br>**Plaintiff,**<br><br>and<br><br>LYMAN-RICHEY CORPORATION, d/b/a CENTRAL SAND AND GRAVEL COMPANY,<br><br>**Intervenor Plaintiff,**<br><br>vs.<br><br>KENNETH E. KRATT, and SANDAIR CORPORATION,<br><br>**Defendants.** | **8:21CV49**<br><br>**ORDER** |

This matter comes before the Court on Plaintiff's Motion for Restricted Access (Filing No. 146). Plaintiff asks the Court to restrict access to the following filings:

- Plaintiff's Motion to Continue Deposition of Dr. David I. Rosenbaum (Filing No. 136)
- Plaintiff's Brief in Support of the Motion to Continue Deposition (Filing No. 136-1)
- Plaintiff's Affidavit for Index of Evidence (Filing No. 136-2)
- Plaintiff's Attachments 1 through 6 in Support of the Motion to Continue Deposition (Filing No. 136-3 to Filing No. 136-8)
- Defendants' Brief in Opposition to Plaintiff's Motion (Filing No. 144)
- Defendants' Index of Evidence in Opposition to Plaintiff's Motion (Filing No. 145)
- Affidavit and Exhibits of Matthew D. Quandt in Opposition to Plaintiff's Motion (Filing No. 145-1)
- Plaintiff's Reply Brief, Affidavit, and Index of Evidence in support of the Motion to Continue Deposition (Filing No. 156)[1]

Plaintiff states in the motion that these documents "may not content [sic] questionable information – but it is believed the and [sic] Plaintiff's Reply Brief could likely contain detailed

---

[1] Plaintiff's instant motion to restrict was filed on August 30, 2023, and indicated Plaintiff sought to restrict a Reply Brief "yet to be filed on August 31, 2023." It appears the Reply Brief and accompanying documents were thereafter filed on September 1, 2023, see Filing No. 156, although Plaintiff filed a different brief on August 31, 2023, in opposition to a different pending motion, see Filing No. 153. The Court presumes the instant motion to restrict was referring to the documents filed on September 1, 2023; however, Plaintiff thereafter separately filed two additional motions to restrict both briefs anyway, see Filing Nos. 152 and 155, which were granted by the Court.

information regarding potential confidential information that may violate the terms and/or requirements of Local Rule 5.3(c)." (Filing No. 146 at p. 2).

After review of the motion, the Court ordered that any party may file a response by September 6, 2023. (Filing No. 147). Defendants filed a response (Filing No. 160) asking the Court to "strike" Plaintiff's references to Defendants' confidential settlement communications because they are irrelevant and inadmissible, but if the Court does not strike such references, Defendants do not oppose restricting access to Plaintiff's filings. Defendants "agree" their filings "do not contain any questionable or confidential information" but do not explicitly state they oppose Plaintiff's request to restrict access to Defendants' filings.

This district's local rules require that the party moving to restrict a public filing explain why restriction is necessary and state in the motion whether redaction could eliminate or reduce the need for restriction. See NECivR. 5.3(c)(1)(A). Information that must be redacted or restricted from public view includes: an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number. See Fed. R. Civ. P. 5.2(a). Other types of information that may be redacted or restricted from public view include: personal identifying numbers, such as driver's license numbers; home street addresses; medical or psychological records; employment history; individual financial information; proprietary or trade secret information; information that may identify a cooperating individual; information regarding a crime victim; national security information; sensitive security information as described in 49 U.S.C. § 114(s); education records as defined by 20 U.S.C. § 1232g(a)(4)(A); and other data as the court orders. NECivR. 5.3(b). In ruling on a motion made under these rules, the assigned judge may restrict the document, strike it, or order the filing party to place a redacted copy of the document on the public docket. See NECivR. 5.3(c)(2).

There is a common-law right of access to judicial records in civil proceedings. See *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This right of access "bolsters public confidence in the judicial system" and "provides a measure of accountability to the public at large[.]" *Id.* When determining whether the common-law presumption of access to a judicial record has been overcome, a court should balance "the interests served by the common-law right of access . . . against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (quoting *IDT*, 709 F.3d at 1223). "Unless there is a compelling

reason to keep information secret, the public has a right to know what arguments and evidence have been presented to a court, so that the public can fully assess the court's exercise of its authority. Transparency is crucial to maintaining public trust in the judiciary." *Truong v. UTC Aerospace Sys.*, 439 F. Supp. 3d 1171, 1172 (D. Minn. 2020). "[A]ll documents filed in federal court are judicial records and are subject to the presumption of public access." *Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1045 (D. Minn. 2021). The presumption in favor of public access to judicial records may only "be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt*, 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)).

To date, the Court has liberally granted the parties' motions asking to restrict documents. However, Plaintiff's current motion to restrict asks that the Court restrict access to numerous documents based only upon a nonspecific representation that they "could likely contain . . . confidential information." Plaintiff's representation falls short of the local rule's requirement that the party moving to restrict a public filing "must state why filing an unredacted document is necessary and why redaction would not reduce or eliminate the need for restriction." See NECivR. 5.3(c)(1)(A). And, after the Court's review of the filings Plaintiff seeks to restrict, it is not convinced that the presumption in favor of public access has been overcome for the majority of them. For example, Plaintiff seeks to restrict public access to Plaintiff's motion (Filing No. 136) asking to continue the deposition of Defendants' expert witness. But, that motion itself contains no confidential information, personal identifying numbers, individual financial data, or the like. Instead, the motion just sets forth the summary of Plaintiff's legal basis and stated reason for moving to continue the expert witness's deposition. As such, the Court finds Plaintiff has not established a basis to restrict the motion from public view.

Plaintiff also seeks to restrict all of the attachments filed in support of the motion to continue the deposition of Defendants' expert witness. The Court's review of the attachments similarly leaves it unconvinced that many of the attachments should be restricted from the public. Plaintiff's Attachment #1 (Filing No. 136-3) is a copy of an internet article from forbes.com entitled, "A Third of Seniors Seek to Work Well Past Retirement Age, Or Won't Retire At All, Poll Finds." The Court sees no reason why an article taken from a publicly available internet source should be restricted from the public. Plaintiff's Attachment #3 (Filing No. 136-5) is a copy of the decedent's high school diploma dated May 1, 2000, but does not contain any addresses or

other personal data that the Court believes requires restriction. Plaintiff's Attachment #4 (Filing No. 136-6) is a four paragraph affidavit authored by Plaintiff's damages expert, in which he states he prepared a report of the decedent's pecuniary losses on June 29, 2020, and clarified that his report was based upon the fact that the decedent was a high school graduate. The affidavit does not contain any other details about the expert report or otherwise contain confidential information. As such, the Court does not see a reason to restrict Attachment #4 from public access. Plaintiff's Attachment #6 (Filing No. 136-8) is an email exchange between counsel regarding scheduling depositions and counsel's views that the Court's intervention would be requested regarding Plaintiff's desire to further depose Defendants' expert witness. This discussion between counsel preceded the Plaintiff's filing of the motion to continue the deposition of Defendants' expert witness, and does not contain confidential or other privileged information that the Court finds necessary to restrict from public view.

   The Court will restrict access to Plaintiff's Brief in Support of the Motion to Continue Deposition (Filing No. 136-1) because it contains various references to counsel's settlement discussions and specific offers made and rejected between counsel. The Court will also restrict access to Plaintiff's Attachment #2 (Filing No. 136-4), which is the investigator's accident report that contains numerous personal identifiers of the individuals involved in the underlying accident. The Court will also restrict Attachment #5 (Filing No. 136-7) because it is a settlement offer communicated by defense counsel to other counsel by email.

   Plaintiff also seeks to restrict access to Defendants' Brief (Filing No. 144), Index of Evidence (Filing No. 145), and Affidavit and Exhibits of Matthew D. Quandt (Filing No. 145-1) in Opposition to Plaintiff's Motion to Continue Deposition of Defendants' Expert Witness. The Court will restrict access to Defendants' Brief (Filing No. 144) because it contains the full unredacted birthdate and individual financial information of the decedent. However, the Court will instruct Defendants to file a redacted copy of the brief on the public docket because those personal identifiers and individual financial information are easily redacted. See NECivR. 5.3(c)(2) (permitting the court to order the filing party to place a redacted copy of the document on the public docket). The Court will also restrict access to Filing No. 145-1 because it contains the decedent's individual financial and employment information. Defendants' Index of Evidence at Filing No. 145 does not need to be restricted, however, since it simply identifies the exhibits to be offered in opposition to Plaintiff's motion.

4

Going forward, counsel are reminded to comply with the specific provisions of this district's local rules regarding the procedure for seeking restriction of documents containing confidential information or unredacted personal data identifiers set forth under the Federal Rules of Civil Procedure and this district's local rules. Specifically, the moving party "must state why filing an unredacted document is necessary and why redaction would not reduce or eliminate the need for restriction," and must file the unredacted document "separately as a restricted document" pending the Court's review of the motion to restrict access. See NECivR. 5.3(c). And, counsel are reminded to be judicious in their determinations as to whether documents must be shielded from public view considering the common-law right of public access to judicial records. See *IDT Corp.*, 709 F.3d at 1222. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Restricted Access (Filing No. 146) is granted, in part, and in part denied.
2. The Clerk of Court shall restrict access to the following filings:
    a. Plaintiff's Brief in Support of the Motion to Continue Deposition (Filing No. 136-1)
    b. Plaintiff's Attachment #2 (Filing No. 136-4)
    c. Plaintiff's Attachment #5 (Filing No. 136-7)
    d. Defendants' Brief (Filing No. 144) in Opposition to Plaintiff's Motion to Continue Deposition of Defendants' Expert Witness; and
    e. Defendant's Affidavit with attached Exhibits (Filing No. 145-1).
3. Defendants shall file a redacted copy of their Brief (Filing No. 144) on the public docket.

Dated this 8th day of September, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge