IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSICA VANICEK, Personal Representative of the Estate of Ryan T. Vanicek;<br><br>Plaintiff,<br><br>and<br><br>LYMAN-RICHEY CORPORATION, d/b/a CENTRAL SAND AND GRAVEL COMPANY,<br><br>Intervenor Plaintiff,<br><br>vs.<br><br>KENNETH E. KRATT, and SANDAIR CORPORATION,<br><br>Defendants. | 8:21CV49<br><br>ORDER |

This matter comes before the Court on Plaintiff's Motion to Continue Deposition of Dr. David I. Rosenbaum or Alternatively, Strike/Exclude the Testimony of the Witness (Filing No. 136). Plaintiff seeks leave to continue the "paused" deposition of Defendants' expert witness, Dr. David I. Rosenbaum, a forensic economist. Plaintiff asserts Dr. Rosenbaum's expert report containing his opinions regarding the decedent's worklife expectancy was based upon the incorrect information that the decedent was not a high school graduate. During the approximately 40-minute deposition of Dr. Rosenbaum on May 1, 2023, he testified his calculations were based on the decedent having less than a high school education, and acknowledged his calculations "would probably increase" if the decedent had a high school education. Plaintiff therefore ended or "paused" the deposition because of the "high school issue," and seeks to reconvene the deposition once Dr. Rosenbaum recalculates the decedent's worklife expectancy with the correct information that the decedent was a high school graduate.

Defendants oppose Plaintiff's motion, asserting Plaintiff has not shown good cause to take a second deposition of Dr. Rosenbaum under Rule 30(a)(2) of the Federal Rules of Civil Procedure. (Filing No. 144). Defendants assert that Plaintiff's expert witness, Dr. Keith Wm. Fairchild, Ph.D., authored an expert report on June 29, 2020, in which he stated one of the two scenarios with regard to the decedent's remaining worklife was "based upon the statistical historical average for men

*with less than a high school education.*" (Filing No. 101-5 at p. 19) (emphasis added). Defense counsel received Dr. Fairchild's report in April 2022. In preparing his expert report dated February 18, 2023, Dr. Rosenbaum stated he relied upon Dr. Fairchild's report and statements therein indicating the decedent was not a high school graduate. (Filing No. 145-1 at p. 2).

As of the date of this motion, the Court has no information that Plaintiff has formally supplemented Dr. Fairchild's report to correct the statement that the decedent has "less than a high school education." However, attached to Plaintiff's motion is a black and white picture of what is purportedly the decedent's high school diploma (Filing No. 136-5) and Dr. Fairchild's affidavit in which he states his opinions contained in his June 29, 2020, report "were based upon the fact and belief that [the decedent] was a high school graduate." (Filing No. 136-6). Defendants appear to challenge whether the decedent was in fact a high school graduate. (Filing No. 144 at pp. 3-4). The Court also has no information that Defendants have supplemented their expert report based upon Plaintiff's assertion the decedent was, in fact, a high school graduate.

To summarize, the following is an outline of relevant dates:

- **June 29, 2020** – Dr. Fairchild authored his expert report for Plaintiff's counsel regarding the decedent's remaining worklife, in which he states the first scenario "is based upon the statistical historical average for men with less than a high school education."
- **February 12, 2021** – Plaintiff commences this lawsuit (Filing No. 1)
- **April 2022** – Current defense counsel receives a copy of Dr. Fairchild's report (Filing No. 145-1 at ¶ 7)
- **September 30, 2022** – The Court enters a Third Amended Case Progression Order (Filing No. 92) setting the deadlines for expert disclosures for **February 1, 2023**, for Plaintiff and **March 15, 2023**, for Defendants
- **February 1, 2023** – Plaintiff discloses Dr. Fairchild's report (Filing No. 101)
- **February 18, 2023** – Dr. Rosenbaum authors his expert report (Filing No. 145-1 at ¶ 10)
- **March 17, 2023** – Defendants disclose Dr. Rosenbaum's report (Filing No. 145-1 at ¶¶ 8-9)
- **May 1, 2023** – Plaintiff deposes Dr. Rosenbaum from 1:07 p.m. to 1:48 p.m. and ends the deposition because of the "high school issue"
- **August 11, 2023** – Plaintiff files the instant motion to continue Dr. Rosenbaum's deposition, and provides Dr. Fairchild's affidavit stating his opinions "were based upon the fact and belief that [the decedent] was a high school graduate."

2

## ANALYSIS

From the Court's perspective, both parties have neglected to address the Federal Rule of Civil Procedure most applicable to the current dispute: Rule 26(e). Rule 26(e) provides:

> A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1). A party also has a duty to supplement both the information included in an expert report and information given during the expert's deposition. Fed. R. Civ. P. 26(e)(2). Under Rule 26(e), a party *must* "supplement or correct" a prior disclosure if the party learned the information was incomplete or inaccurate. See *Fair Isaac Corp. v. Fed. Ins. Co.*, 337 F.R.D. 413, 418 (D. Minn. 2021) ("Rule 26(e) does not give a party the *right* to supplement prior discovery answers, it imposes on them the *duty* to do so, which duty arises whenever the information produced is found to be incomplete or inaccurate in some material respect.") (emphasis in original). "The duty to supplement continues past the discovery deadline and up to the time of trial." *Id.* (citing *Phil Crowley Steel Corp. v. Macomber, Inc.*, 601 F.2d 342, 343, 345 (8th Cir. 1979)). Rule 26(e)(2) "provides a means for a party to correct an expert's mistake (either by omission or commission), not add to or change its expert's opinion (or the basis therefor)." *S & H Farm Supply, Inc. v. Bad Boy, Inc.*, No. 18-03413-CV-S-BP, 2020 WL 8372645, at *1 (W.D. Mo. Sept. 10, 2020).

It is unclear to the Court why Plaintiff has not supplemented Dr. Fairchild's report to reflect his opinions were based upon the information that the decedent was a high school graduate (which Dr. Fairchild states is the case, according to his affidavit attached to Plaintiff's instant motion). By the same token, the Court is also perplexed as to Defendants' position suggesting Plaintiff has not actually established the decedent was a high school graduate, and resistance to supplementing Dr. Rosenbaum's expert report using the correct underlying information. The decedent's education level is a simple, easily verifiable fact. If both parties' experts' reports are based on

3

incorrect information, i.e., that the decedent was not a high school graduate when he in fact was, then both parties have a *duty* to supplement their disclosures and reports under Rule 26(e). Dr. Rosenbaum acknowledged his numbers in his report would change if the decedent was a high school graduate. True, the current situation arose solely because of a mistake or misstatement in Plaintiff's expert's report, but Rule 26(e) provides a method for correcting such mistake. The deposition deadline in this case is December 14, 2023, and trial is set for February 13, 2023. The Defendants would not be unduly prejudiced by prompt supplementation of the parties' expert reports to correct the simple factual mistake regarding the decedent's education level. Once such supplementation occurs, the Court finds Plaintiff should be permitted to depose Dr. Rosenbaum regarding his opinions. However, because it was Plaintiff's counsel's error that caused this situation—which was left unnoticed and uncorrected until Dr. Rosenbaum was seated for his deposition on May 1, 2023—Plaintiff will be responsible for the costs of that deposition.

Accordingly,

**IT IS ORDERED:** Plaintiff's Motion to Continue Deposition of Dr. David I. Rosenbaum ([Filing No. 136](#)) is granted, subject to the parties' compliance with their duties to supplement under Rule 26(e). The parties shall complete the required supplementation on or before **November 8, 2023.**

Dated this 18th day of October, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge