IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSICA VANICEK, Personal Representative of the ESTATE OF RYAN T. VANICEK,<br><br>Plaintiff,<br><br>LYMAN-RICHEY CORPORATION, d/b/a CENTRAL SAND AND GRAVEL COMPANY,<br><br>Plaintiff-Intervenor,<br><br>vs.<br><br>KENNETH E. KRATT and SANDAIR CORPORATION,<br><br>Defendants. | NO. 8:21-CV-49<br><br>MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO STAY OPERATION OF JUDGMENT |

This case arises out of the untimely death of Ryan Vanicek on September 20, 2019, in a traffic accident. Filing 30. This case was resolved when the Court compelled plaintiff Vanicek's Estate to accept a settlement offer from defendants Sandair Corporation and Kenneth Kratt under Nebraska Revised Statute § 48-118.04, Filing 174, then distributed that settlement between Vanicek's Estate and plaintiff-intervenor Lyman-Richey Corporation (LRC), Vanicek's former employer, Filing 190. The Court entered Judgment on February 28, 2024. Filing 191. Presently before the Court is Vanicek's Estate's Motion to Stay Operation of Judgment pursuant to Fed. R. Civ. P. 62(d), filed on March 29, 2024. Filing 197.

1

The posture of the Motion to Stay is unusual. Typically, the party seeking to stay a judgment pending appeal is the judgment debtor, not the party entitled to the proceeds of the judgment. *See Lightfoot v. Walker*, 797 F.2d 505, 506–07 (7th Cir. 1986) (Posner, J.) ("The philosophy underlying Rule 62(d) is that a plaintiff who has won in the trial court should not be put to the expense of defending his judgment on appeal unless the defendant takes reasonable steps to assure that the judgment will be paid if it is affirmed.").[1] Exemplifying the uniqueness of the Motion is Federal Rule of Civil Procedure 62(b) itself, which allows parties to "obtain a stay by providing a bond or other security." It would be peculiar to require Vanicek's Estate, which is entitled to nearly $5 million, to post bond to obtain a stay of the judgment. As one court put it, "The bond or security protects the prevailing party 'from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment.'" *Ivanov v. Fitness Elite Training Ctr., Inc.*, No. 20-380, 2023 WL 8788994, at *1 (D. Idaho Dec. 19, 2023) (quoting *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988)). Requiring the movant to post bond—as Rule 62(b) does—would not serve to protect Vanicek's Estate from these ails, as Vanicek's Estate is the prevailing party. However, nothing in Rule 62(b) necessarily prevents a successful plaintiff from seeking a stay of the judgment in its favor.[2] Accordingly, the Court will analyze whether Vanicek's Estate is entitled to a stay of the judgment in its favor. For the reasons stated below, the Motion to Stay is denied.

---

[1] Although Judge Posner was referring to stays of injunctions rather than judgments, his reasoning applies equally to Rule 62(b).

[2] Similarly, nothing in Rule 62(b) excuses a prevailing plaintiff from posting bond to obtain a stay, and Vanicek's Estate nowhere offered to post bond. *See generally* Filing 197. The Court will not consider whether Vanicek's Estate must post a bond to obtain a stay—and if so, in what amount—until and unless the Court determines that Vanicek's Estate is otherwise entitled to a stay.

2

In its Motion to Stay Operation of Judgment, Vanicek's Estate proposes the following terms of the stay:

> a. Defendants Sandair and Kenneth E. Kratt be directed to pay the $5,000,000.00 of settlement proceeds to the Clerk of the Court rather than to LRC or Mrs. Vanicek;
>
> b. LRC be directed to continue making the weekly payments of workers compensation benefits it has been making pursuant to Nebraska law;
>
> c. The Clerk of the Court be directed to invest the proceeds in their entirety in debt instruments backed by the United States government, in particular T-bills, in order to preserve and conserve that resource until its correct disposition has been determined by the appropriate Courts; and
>
> d. In the event that the judgment of this Court is affirmed on appeal, then upon remand -- this Court order that the principal funds held by the Clerk be applied first to reimbursement of LRC for all reasonable workers compensation benefits paid through the time of that payment as provided by statute, the remaining principal funds be paid to Mrs. Vanicek as personal representative of the Estate, and finally the interest paid on the debt instruments be apportioned pro rata between those parties in proportion to their respective portions of the principal.
>
> e. In the event that the judgment of this Court is reversed and the settlement approved and ordered by this Court is vacated, the Court conduct such proceedings at such time that if deems appropriate and make such findings as it deems necessary and appropriate and award the interest paid on the debt instruments at such time and in such proportion as it finds proper in accordance with law and equity.

Filing 197 at 3–4. Vanicek's Estate explains, "Staying the operation of the judgment pending the outcome of appellate proceedings would avoid substantial prejudice and hardship to Mrs. Vanicek, the Estate, and others interested in the Estate without imposing unreasonable risk or cost upon any other party." Filing 197 at 3.[3]

---

[3] In its Reply Brief, Vanicek's Estate "alternatively requests that the Court enter its order staying the judgment and ordering LRC to continue payment of weekly worker's compensation benefits during the pendency of appeal." Filing 202 at 2. Vanicek's Estate has not submitted a Motion seeking this alternative relief that complies with the dictates of NECivR 7.1. That local rule provides,

> A motion raising a substantial issue of law must be supported by a brief filed and served together with the motion. The brief must be separate from, and not attached to or incorporated in, the motion

Plaintiff-Intervenor LRC "is agreeable in principle to the settlement proceeds being paid into Court pending resolution of the appeal, the funds being invested in Treasury bills pursuant to Fed. R. Civ. P. 67(b), and the principal and interest being distributed in the manner proposed on page 4 of the Stay Motion upon the issuance of the mandate from the Court of Appeals." Filing 198 at 2. Despite its acquiescence to a stay, LRC argues that "Vanicek's Estate has not established an entitlement to a stay." Filing 198 at 2. However, "as an accommodation to the Vanicek family, LRC would not oppose the entry of a partial stay pending appeal" on the following terms:

> a. That portion of the judgment relieving LRC of future payment obligations under the Nebraska Workers' Compensation Act should be stayed pending final disposition of the Vanicek Estate's pending appeal.
>
> b. The partial stay should remain in effect until the United States Court of Appeals issues its mandate in the pending appeal.
>
> c. If the judgment is affirmed on appeal, LRC should be reimbursed in full from the settlement proceeds for all workers' compensation benefit payments made prior to the issuance of the mandate, and LRC should thereafter be relieved of any further obligation to pay benefits pursuant to the Nebraska Workers' Compensation Act.
>
> d. If the judgment is not affirmed on appeal, LRC's subrogation claim for benefits paid should be resolved in due course by the United States District Court for the District of Nebraska, consistent with the Eighth Circuit's mandate and applicable law.
>
> e. This partial stay should become effective upon approval by the United States District Court for the District of Nebraska.
>
> f. LRC does not admit or stipulate that Vanicek's Estate has established an entitlement to a stay or a likelihood of success on the merits. Rather, LRC has elected not to oppose a stay on these terms as an accommodation to Vanicek's Estate.

---

or index of evidence. The brief must concisely state the reasons for the motion and cite to supporting authority.

NECivR 7.1(a)(1)(A). Accordingly, because Vanicek's Estate's request for alternative relief is not properly before the Court, the Court does not rule on it.

Filing 198 at 6–7 (record citations omitted). LRC explains that these "terms are designed both (1) to preserve the status quo prior to entry of the judgment and (2) to preserve and protect LRC's ability to seek repayment of amounts paid pending appeal upon the affirmance of this Court's judgment." Filing 198 at 7–8. LRC acknowledges that it cannot consent to the first of Vanicek's Estate's proposed terms of stay—ordering Defendants to deposit $5 million with the clerk of court—"[a]s LRC does not control whether the Defendants will agree to a stipulation to deposit the funds into Court on the terms requested." Filing 198 at 8.

Defendants oppose Vanicek's Estate's Motion to Stay Operation of Judgment. *See generally* Filing 200. Defendants contend that Vanicek's Estate "has made no attempt to actually show that any of the" applicable stay factors "are satisfied in this case, although it is [Vanicek's Estate's] burden as [the movant] to show entitlement to relief under Rule 62(b)." Filing 200 at 4. The Court agrees with Defendants.

Federal Rule of Civil Procedure 62(b) provides, "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). The Eighth Circuit has stated,

> In determining whether to issue a stay pending appeal, we consider four factors: (1) whether the party seeking the stay has demonstrated a strong likelihood of success on the merits; (2) whether the party seeking the stay will be irreparably injured without a stay; (3) whether a stay would substantially injure other parties; and (4) the public's interest.

*Org. for Black Struggle v. Ashcroft*, 978 F.3d 603, 607 (8th Cir. 2020) (citing *Brakebill v. Jaeger*, 905 F.3d 553, 557 (8th Cir. 2018), in turn citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

The "factors of injury to other parties and the public's interest generally warrant lesser consideration than those of likelihood of success and irreparable harm." *Org. for Black Struggle*, 978 F.3d at 609.

Vanicek's Estate has plainly failed to demonstrate that any of these factors favor issuing a stay, nor that the factors considered together weigh in favor of a stay. Regarding "(1) whether the party seeking the stay has demonstrated a strong likelihood of success on the merits," *id.*, Vanicek's Estate argues,

> (a) the claims of [Vanicek's Estate] and all related matters have a reasonable value greatly exceeding $5,000,000.00, (b) despite the limited amount of available liability insurance coverage the assets of Defendant Sandair Corporation are sufficient to satisfy those claims, and thus (c) this Court's approval and imposition of settlement in the amount of $5,000,000.00 was erroneous, the order and judgment approving and imposing that settlement should be reversed, and the case should be allowed to proceed to trial.

Filing 197 at 2. Vanicek's Estate "does not purport to be able to demonstrate that [it] will win [its] appeal." Filing 197-1 at 4. This concession is fatal to the first factor, which requires Vanicek's Estate to show "a strong likelihood of success on the merits." *Org. for Black Struggle*, 978 F.3d at 609. Thus, the first factors weighs against issuing a stay.

Regarding "(2) whether the party seeking the stay will be irreparably injured without a stay," Vanicek's Estate argues that the periodic workers compensation payments made by LRC "have been substantial substantial—amounting to almost $300,000.00—and are clearly essential to the welfare and wellbeing" of the decedent's family. Filing 197-1 at 5. In addition, Vanicek's Estate seemingly argues without citing any authority that, absent a stay, its ability to appeal the Court's judgment would be implicated. *See* Filing 197-1 at 5 (arguing that Vanicek's Estate "is constrained to choose between accepting benefit that would be conferred by the Court's judgment and challenging that judgment by her given rights to appeal"). The Court rejects Vanicek's Estate's

arguments. Under the terms of the Orders that Vanicek's Estate is appealing, Vanicek's Estate is entitled to $5 million minus payments already made to it by LRC, which Vanicek's Estate represents is around $300,000. See Filing 190; Filing 197-1 at 5. Vanicek's Estate has not demonstrated why entitlement to approximately $4.7 million from Defendants would cause undue hardship but receiving periodic workers compensation payments from LRC would not. Moreover, there is no reason to believe that Vanicek's Estate's ability to appeal would be implicated by the non-issuance of a stay. See *United States v. Hougham*, 364 U.S. 310, 312 (1960) ("It is a generally accepted rule of law that where a judgment is appealed on the ground that the damages awarded are inadequate, acceptance of payment of the amount of the unsatisfactory judgment does not, standing alone, amount to an accord and satisfaction of the entire claim."). Thus, the second factor also weighs against issuing a stay.

The third and fourth factors "generally warrant lesser consideration than those of likelihood of success and irreparable harm." *Org. for Black Struggle*, 978 F.3d at 609. Even so, Vanicek's Estate's arguments regarding these factors are unpersuasive. Regarding "(3) whether a stay would substantially injure other parties," *id.*, Vanicek's Estate argues that LRC would not be prejudiced because LRC would be entitled to the interest that would accrue if the $5 million were deposited to the Clerk of Court. Filing 197-1 at 5. LRC responds that it would be prejudiced by being subject to a Court order to do what it has already been doing—making periodic workers compensation payments to the decedent's family. Filing 198 at 4–5. Vanicek's Estate does not explain what the effect of its proposed stay would be on Defendants. *See generally* Filing 197-1. At best, this factor is neutral. Regarding "(4) the public's interest," *Org. for Black Struggle*, 978 F.3d at 609, Vanicek's Estate explained the purpose of its appeal and then stated, "The public has a substantial interest in the outcome of Mrs. Vanicek's appeal, particularly because no non-moving party will

7

suffer prejudice if the relief she seeks is granted." Filing 197-1 at 5–6. This conclusory assertion is unpersuasive, rendering this factor also, at best, neutral. Thus, the third and fourth factors, which "warrant lesser consideration," *Org. for Black Struggle*, 978 F.3d at 609, are of minimal weight.

On balance, the four factors set out by the Eighth Circuit weigh heavily against the issuance of a stay. Accordingly,

IT IS ORDERED that plaintiff Vanicek's Estate's Motion to Stay Operation of Judgment, Filing 197, is denied.

Dated this 24th day of May, 2024.

BY THE COURT:

Brian C. Buescher
United States District Judge