IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSICA VANICEK, Personal Representative of the ESTATE OF RYAN T. VANICEK, <br><br> Plaintiff, <br><br> LYMAN-RICHEY CORPORATION, D/B/A CENTRAL SAND AND GRAVEL COMPANY, <br><br> Plaintiff-Intervenor, <br><br> vs. <br><br> KENNETH E. KRATT and SANDAIR CORPORATION, <br><br> Defendants. | NO. 8:21-CV-49 <br><br><br> ORDER ON PLAINTIFF'S MOTION TO RELEASE AND PAYOUT JUDGMENT FUNDS |

This case is before the Court on Plaintiff's Motion to Release and Payout Judgment Funds. Filing 226. Plaintiff requests an Order of this Court directing the Clerk's Office to pay out the $5 million judgment, plus any accumulated interest, on the terms imposed by the Court and agreed to by the parties. Filing 226 at 3. The Motion is granted on the terms set out below.

This case arises out of the untimely death of Ryan Vanicek on September 20, 2019, in a traffic accident. Filing 30. This case was resolved when the Court compelled plaintiff Vanicek's Estate to accept a $5 million settlement offer from defendants Sandair Corporation and Kenneth Kratt under Nebraska Revised Statute § 48-118.04, Filing 174, and then distributed that settlement

1

between Vanicek's Estate and plaintiff-intervenor Lyman-Richey Corporation (LRC), Vanicek's former employer, Filing 190. The Court entered a Judgment on February 28, 2024. Filing 191. Plaintiff filed a Notice of Appeal, Filing 192, and a Motion to Stay Operation of Judgment pending appeal, Filing 197. However, the Court denied Plaintiff's Motion to Stay Operation of Judgment. Filing 209.

Plaintiff-Intervenor Lyman-Richey Corporation filed a Notice of Subrogation Interest stating that it had paid $297,311.23 in workers' compensation benefits on the claim arising out of the accident on September 20, 2019. Filing 210. Defendants Kratt and Sandair Corporation filed a Motion for Leave to Deposit Settlement Funds into the Court, Filing 212, which the Court granted on the following terms:

> 1. Defendants shall deposit the $5,000,000 settlement funds into the Court pursuant to Federal Rule of Civil Procedure 67(a) and Defendants shall deliver to the Clerk of Court a copy of this order permitting deposit.
>
> 2. After the payment of the settlement funds into the registry account of the Court, the Clerk of Court shall enter satisfaction of the settlement on the docket pursuant to NECivR 58.1(c).
>
> 3. Pursuant to Federal Rule of Civil Procedure 67(b), the settlement funds shall be deposited and withdrawn in accordance with 28 U.S.C. §§ 2041 and 2042 and any like statute, and the settlement funds shall be deposited in an interest-bearing account or invested in a court-approved, interest-bearing instrument.
>
> 4. The settlement funds shall be held pending the resolution of the pending appeal to the United States Court of Appeals for the Eighth Circuit. Upon receipt of the Eighth Circuit's mandate, the funds will be distributed to the party or parties entitled to those funds, as their interests may appear.
>
> 5. The interest accrued on the deposited settlement funds will be divided proportionally to the parties' respective interests in the judgment principal once the Eighth Circuit's mandate issues.

Filing 217 at 21. Plaintiff filed a Notice of Appeal concerning that Order as well. Filing 218.

Eventually, on July 22, 2025, the Eighth Circuit Court of Appeals filed its Opinion on Plaintiff's appeals. Filing 222. The Eighth Circuit "dismiss[ed] Vanicek's appeal with respect to denial of her motion to amend her complaint and otherwise affirm[ed] the district court's judgment." Filing 222 at 13. The Judgment of the Eighth Circuit and the Mandate followed in due course. Filing 224; Filing 225.

On September 22, 2025, Plaintiff filed the Motion to Release and Payout Judgment Funds now before the Court. Filing 226. In her Motion, Plaintiff asserts among other things that the $5 million in settlement funds placed with the Clerk of Court had accumulated $96,484.23 in interest as of September 10, 2025. Filing 226 at 2. Plaintiff represented that she had agreed with Plaintiff-Intervenor Lyman-Richey Corporation that proportionately Plaintiff should receive 94.1% of the total accumulated interest and Intervenor should receive 5.9% of the total accumulated interest. Filing 226 at 2. Plaintiff also acknowledged that as part of its Order compelling settlement, Filing 174, the Court directed that Lyman-Richey Corporation should be repaid workers' compensation payments that it had made in the amount of $297,311.23. Filing 226 at 2. Accordingly, Plaintiff requested an Order from the Court directing the Clerk's Office to pay out the $5 million settlement funds, plus any accumulated interest, in the amounts ordered by the Court and agreed by the parties. Filing 226 at 3. In response, Lyman-Richey Corporation "requests the entry of an order directing the Clerk to pay to [Lyman-Richey Corporation] $297,311.23 of the $5,000,000 settlement proceeds and 5.9% of the interest that has accrued while the funds have been in the Court's registry," and corrected the name of the payee of those funds. Filing 227 at 3. In response to Plaintiff's Motion, Defendants Kratt and Sandair Corporation stated that they "have no objection to the release and payout of funds" and that they "do not have a position regarding the calculations or allocations between Plaintiff versus Plaintiff-Intervenor." Filing 228 at 2.

3

Upon the foregoing,

IT IS ORDERED that

1. Plaintiff's Motion to Release and Payout Judgment Funds, Filing 226, is granted on the terms set out in paragraph 2. below.

2. The Clerk of Court shall pay out the $5 million settlement funds deposited with the Court pursuant to the Court's Order, Filing 217, plus any accumulated interest, as follows:

    a. The Clerk shall pay to Lyman-Ritchey Corporation $297,311.23 of the $5,000,000 judgment funds previously deposited with the Court, plus 5.9% of the interest that has accrued while the funds have been in the Court registry, with the payee designated as "Likes Meyerson Hatch LLC (Likes Meyerson Hatch LLC IOLTA Account)";

    b. The Clerk shall pay Plaintiff the sum of $4,702,688.77 of the $5,000,000 judgment funds previously deposited with the Court, plus 94.1% of the interest that has accrued while the funds have been in the Court registry, with the payee designated as "Demerath Law Office Trust Account % Vanicek."

Dated this 15th day of October, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge